IN THE MATTER OF THE CONFIRMATION OF THE REPORT OF THE COMMISSIONERS OF ASSESSMENT FOR GRADING, PAVING AND OTHERWISE IMPROVING SACKETT, DOUGLAS AND DE GRAW STREETS, IN THE CITY OF BROOKLYN.

The Legislature has power to determine where and when streets shall be constructed, their width and mode of improvement, and its action in reference thereto cannot be reviewed by the courts.

The Legislature may adopt and sanction an improvement or expenditure which it could previously authorize, and it may authorize an assessment for an improvement after the improvement is made.

The act of 1868 (chap. 631, Laws of 1868), entitled "An act to widen portions of Sackett, Douglas and President streets, and otherwise to alter the commissioners' map of the city of Brooklyn," is not in conflict with the constitutional provision providing that no local bill shall "embrace more than one subject" (State Const., art. 3, § 16), and the provisions of said act, so far as they relate to improvements within the limits of the three streets named, are not in excess of legislative power.

As to whether those provisions of the act (§ 3) which relate to court-yards and to restrictions as to the use of the lands adjoining the streets are constitutional, *quære*.

If invalid, they are not so interwoven with the whole scheme of the act as to render the residue void.

The title of said act is defective, in that the whole subject is not "expressed in the title," as the act provides for improvements and changes in two streets, as to which no hint is given in the title.

This defect, however, does not necessarily condemn the whole act; the improvement of the two streets is not necessarily connected with that of the other streets, and the provisions as to the streets named in the title are valid.

Under said act and the acts amendatory and supplementary thereto (chap. 710, Laws of 1872, and chap. 592, Laws of 1873), the park commissioners

proceeded with the improvement of Sackett, Douglas and De Graw streets and had nearly completed the same when the act of 1874 (chap. 588, Laws of 1874) was passed, entitled "an act to provide for the completion and improvement of Sackett, Douglas and De Graw streets, in the city of Brooklyn, and also for the collection and payment of all moneys expended or indebtednesses incurred by said city on account of the improvement of such streets by the Brooklyn park commissioners," after which act the park commissioners proceeded with and completed the improvement, and an assessment for the expense of the work was made. *Held*, that the assessment was authorized by the act of 1874, and that said act was valid.

It appeared that the assessment upon some of the lots was greater than their valuation for the purposes of taxation. *Held*, that this did not affect the validity of the assessment.

Commissioners of estimate were appointed under the act of 1868, who acted and made their report in 1869; their estimate and assessment was confirmed. The assessment in question was made by other commissioners appointed after the passage of the act of 1874. *Held*, that the assessment was authorized and valid.

(Argued May 28, 1878; decided June 4, 1878.)

Appeal from order of the General Term of the Supreme Court, in the second judicial department, affirming an order of Special Term, confirming an assessment for improving the streets named in the title.

The facts appear sufficiently in the opinion.

*B. F. Tracy*, for appellants. The acts relating to the improvement in question are local acts. (*People* v. *Hills*, 35 N. Y., 449; *People* v. *O'Brien*, 38 id.. 193; *People* v. *Supervisors, etc.*, 43 id., 10; *Adsit* v. *Allen*, 42 id., 378; *In re Extension Prospect Park*, 60 id., 398.) All the provisions of the act of 1868 (chap. 631), except such as relate to the alteration of the commissioners' map, are void, because not expressed in or indicated by the title. (*People ex rel. Pratt* v. *Common Council*, 13 Abb. Pr. [N. S.], 121; *In re Van Antwerp*, 56 N. Y., 261; *Com'rs of Highways* v. *Failing*, 53 Barb., 70.) The acts in question are void, because they delegate absolutely the legislative power of taxation to individuals. (*Thompson* v. *City of Schenectady*, 2 Seld., 92; *Barto* v. *Himrod*, 8 N. Y., 483; *People* v. *Mayor of*

*Brooklyn*, 4 id., 423, 425, 426; Story on Const., § 207; 2 Bouv. Law Dict., 537.) An assessment, to be properly laid, must include all the property within the district of assessment. (*Le Roy* v. *The Mayor*, 20 John., 430; *Rubber Co.* v. *Com'rs of Streets, etc.*, 9 Vroom, 190; *State* v. *City of Newark*, 8 id., 382; *State* v. *Mayor of Paterson*, id., 412; *People* v. *Lynch*, 51 Cal. R., 15; Cooley on Constitutional Limitations, 495, 501, 504, 505; *People* v. *The Mayor, etc.*, 4 N. Y. R., 419; *Woodbridge* v. *Detroit*, 8 Mich., 301; *Knowlton* v. *Supreme, etc.*, 8 Wis., 410; *Weeks* v. *Milwaukie*, 10 id., 250.) The Legislature has not power to levy a local tax for an improvement which is not equally local in its character. (Cooley's Const. Lim., 494; *Morford* v. *Unger*, 8 Iowa, 92 ; Sedgwick on Constitutional and Statutory Law, 414.)

*William C. De Witt*, for respondents. Even if the acts of 1868, 1872 and 1873 were unconstitutional and invalid, the act of 1874 (chap. 588) clothed the report of the commissioners with validity, and imparted to the order of the Special Term the support of the taxing power of the State. (*People ex rel.* v. *Mayor of Brooklyn*, 4 N. Y., 419–425 *et seq.; Howell* v. *City of Buffalo*, 37 id., 267; *In re Van Antwerp*, 56 id., 261; *In the Matter of Peugnet*, 67 id., 441; Dillon on Mun. Corp., §§ 481, 591–596, and cases cited.) There was nothing arbitrary or unusual in the power of taxation vested by the act of 1874, and if there were, it would constitute no valid objection. (*In re Canal and Walker Sts.*, 12 N. Y., 412; *In re N. Y. C. and H. R. R. R. Co.*, 64 id., 62; *People* v. *Mayor etc., of Brooklyn*, 4 id., 430.) No question of the validity, constitutionality or effect of the various statutes respecting the improvement can be reviewed upon this appeal. (*Embury* v. *Conner*, 3 N. Y., 511, 523, 524; *N. Y. and E. R. R. Co.* v. *Cooney*, 5 How. Pr., 182; *In re Beekman St.*, 28 J. R., 269.) Questions of the justice or equity of the apportionment of the assessment are questions of fact not reviewable in this court. (*In re Canal and*

*Walker Sts.*, 12 N. Y., 413; *N. Y. C. R. Co.* v. *Marvin*, 11 id., 279.)

EARL, J. The assessment in question was laid for the expense of grading and paving De Graw and Douglass streets, and for grading, paving, ornamenting and otherwise improving Sackett street, in the city of Brooklyn. It is assailed on the ground that the legislation which purports to authorize the improvements was unconstitutional and void ; and also upon the ground that the proceedings taken under the laws were not in conformity to them and were irregular and unauthorized.

The questions presented for our consideration arise under four acts of the Legislature, passed in 1868, 1872, 1873 and 1874. The act of 1868 (chap. 631) is entitled " an act to widen portions of Sackett, Douglass and President streets and otherwise to alter the commissioners' map of the city of Brooklyn." Section one provides for widening Sackett, Douglass and President streets ; and section two provides for narrowing Union and De Graw streets. Section three provides for a courtyard thirty feet wide, on each side of the widened streets, and prohibits certain erections upon such streets ; and it also provides that no building upon Union and De Graw streets shall be used for any purpose other than " a stable, carriage-house, conservatory for plants, or green house." Section four directs the commissioners of Prospect park to take proceedings to open, grade and otherwise improve the streets mentioned in sections one and two, and to apply to the Supreme Court for the appointment of three commissioners to estimate the expense of such widenings and openings and the amount of damages to be sustained by the owners of land and all other persons to be affected thereby, and to apportion and assess the same as afterward directed in the act. Section five directs the park commissioners, before any assessment is made for such widening and opening, by resolution to fix a district of assessment beyond which the assessment shall not extend. Section six

directs the commissioners to be appointed by the court to proceed to estimate such expense and damages, and in making the estimate to include damages, if any, to the owners for being obliged to throw out court-yards on the sides of the three streets; and also for being restricted in the use of the lots fronting on the streets, as specified in the third section ; and then it provides that after their report shall be confirmed "they shall apportion and assess the amount thereof, in such manner as they shall deem just and equitable, upon the lands and premises in their judgment benefited by the improvement, within the district of assessment so to be limited by the said park commissioners." Section seven provides that all laws then in force relative to the widening, opening and improving streets in the city of Brooklyn, subsequent to the appointment of commissioners of estimate, so far as not inconsistent, shall apply to and regulate the proceedings under that act, except that the park commissioners shall take the place of the common council and of the street commissioner and shall have the direction of all the proceedings, and except also that the commissioners of estimate shall take the place of the board of city assessors. Section eight provides for the pay and expenses of the commissioners of estimate. Section nine provides that the streets specified in sections one and two shall be laid out according to a plan to be devised by the park commissioners, and shall be graded, paved, curbed, guttered and otherwise improved, as the park commissioners shall direct. Section ten provides that all the expense, incident to the improvements specified in the ninth section, except so much thereof as shall appertain to one 110 feet in width in the middle of Sackett street, after having been duly certified by the park commissioners to the board of city assessors, shall be by said board apportioned and assessed as other local improvements are by law directed to be in said city ; and that the residue of the expense appertaining to the improvement of the said 110 feet in Sackett street shall be apportioned and assessed upon the district of assessment to

be fixed by the park commissioners, as directed in sections five and six.

It is not necessary to determine now whether those portions of section three which relate to the court-yards and the restrictions as to the use of the lands adjoining the streets can be upheld as a valid exercise of legislative power, because this assessment is only for expense incurred within the limits of the three streets named. Those portions of the act are in no way involved upon this appeal. Even if they were invalid, they are not so interwoven with the whole scheme of the act as to render the whole void. In other respects, it is quite clear that there can be no constitutional objection to the general scheme. The Legislature had the power to set on foot this improvement. It could authorize it to be accomplished by local officers, and it could authorize the expense of the improvement to be assessed upon the property benefited thereby. It could authorize such local officers to determine the district of assessment, outside of which lands should not be deemed to be benefited, and the local assessors to apportion the expense of the improvement, upon lands in their judgment benefited thereby within such district. Such legislation has been very common in this State, and has always been sanctioned by the courts.

If this act had authorized the park commissioners, as it is claimed on the part of the appellants it does, arbitrarily to fix a district of assessment without reference to benefits, it would have been difficult, and probably impossible, to uphold it. Such local assessments must be placed upon the lands benefited by the improvement.; and, if this act had authorized an assessment upon lands not benefited, it would probably have to be condemned. (Cooley on Taxation, 417, and cases cited in note.)

The act authorizes three distinct assessments : 1. By the commissioners of estimate under section six, for the damages caused by opening and widening the streets, as specified in sections four and six ; 2. By the board of city assessors under section ten, for the expense of grading and improving the

streets, as specified in sections nine and ten; 3. By the commissioners of estimate under section ten, for the expense of improving 110 feet in width in the middle of Sackett street. Assessments one and three are to be made upon lands within the district of assessment to be fixed by the park commissioners under section five. It is true that the language of the latter section, taken alone, authorizes the park commissioners arbitrarily to fix the district of assessment. But, by section seven, the general laws relative to widening, opening and improving streets and avenues, in the city of Brooklyn, are made applicable; and, by those laws, all such assessments are required to be made according to benefits within a district of assessment to be fixed by the common council; and, by this act, the park commissioners take the place of the common council. Then, again, section six provides that the commissioners of estimate shall make the assessment upon the lands in their judgment benefited by the improvement within the district of assessment fixed by the park commissioners. Taking sections five and six together, it appears clearly to have been the legislative intention that the park commissioners should fix a district of assessment which should include all the land which, in their judgment, would be benefited, and then that the commissioners of estimate should make the assessment upon the lands within the district which, in their judgment, were benefited. In other words, the park commissioners were to exclude from the district to be fixed by them all the land which, in their judgment, would not be benefited, and the commissioners were still left the power to determine whether all the lands in the district were benefited. There is nothing unconstitutional in this mode of assessment. No lands were to be assessed unless benefited, and there was reasonable certainty that all the lands which were specially benefited would be assessed.

There can be no objection to the act because the commissioners of estimate are not required to assess all the property within the district of assessment. This portion of the act would have been valid if it had been left to those commis-

sioners alone to determine what lands were benefited; and it certainly is not invalidated, because no land can be assessed as benefited without the concurring judgment of both the park commissioners and those commissioners.

It cannot well be said that the Legislature transcended its power in the character of these street improvements. They were somewhat extraordinary, and very expensive and extravagant. They may have been hurtful rather than beneficial, but the Legislature has power to determine where and when streets shall be constructed, and their width and mode of improvement, and the courts cannot sit in review upon its action in such matters.

I have thus briefly considered these general features of this act, and find nothing in them transcending legislative power. But it is claimed that this is a local act, and that it is in conflict with section sixteen of article three of the State Constitution, which provides that no local bill shall " embrace more than one subject, and that shall be expressed in the title." I do not think this act embraces more than one subject. It relates to the opening, widening, narrowing and improvement of five streets in a certain portion of the city of Brooklyn, under the direction of the park commissioners and according to one entire scheme devised by the act. All portions of the act, except, possibly, those as to court-yards and the prohibitions and restrictions above mentioned, are germane to the subject, and are adapted to accomplish the end sought. It is not claimed that a separate act should have been enacted for each street. The subject of the act is the improvement of five streets, in the city, nearly related to each other, and all that pertains to such improvement pertains to the subject.

But the title of the act is defective. The whole subject of the act is not therein expressed. The title is " an act to widen portions of Sackett, Douglass and President streets, and otherwise to alter the commissioners' map of the city of Brooklyn." There is no hint that two other streets, De Graw and Union, are to be narrowed; and the title would not give the remotest information that those two streets were to be

in any way affected. The specification, " and otherwise to alter the commissioners' map," etc., is too general and indefinite. It does not sufficiently specify any subject. It certainly conveys no hint that two streets were to be narrowed and improved and subjected to onerous restrictions.

But this defect in the title does not necessarily condemn the whole act. The improvement of De Graw and Union streets does not appear to be necessarily connected with the improvement of the other streets, and all that pertains to those two streets may be stricken from the act, without materially interfering with the scheme for the improvement of the other streets which are named in the title. It is settled that if a local act contains a subject which is properly expressed in the title, it is valid as to that subject, although invalid as to a subject not expressed. (*In the Matter of Van Antwerp*, 56 N. Y., 261; *People* v. *Briggs*, 50 id., 553.) But as this assessment is in part for expense incurred upon De Graw street, if there had been no subsequent legislation upon the subject, it could not be upheld. It therefore becomes necessary to consider the subsequent acts.

In 1872 (chap. 710) an act was passed entitled " an act to amend an act entitled ' an act to open and widen portions of Sackett, Douglass and President streets, and otherwise alter the commissioners' map of the city of Brooklyn,' passed May 6, 1868." That act amends section nine of the prior act, by providing that instead of the streets mentioned in sections one and two of such prior act, the park commissioners shall grade, etc., Sackett, Douglass and De Graw streets. President and Union streets are omitted. And it amends section ten of the prior act, by confining the assessment to the expense of improving the three streets mentioned in section nine, as amended, and authorizing the assessment to be made by the commissioners of estimate for the entire expense upon property benefited within the district of assessment fixed by the park commissioners. After the passage of the last act, upon the assumption that it was valid, the park commissioners were authorized only to grade and otherwise improve the

three streets named therein.    But De Graw street was again omitted from the title ; and hence, if there had been no further legislation, this assessment could not have been legally made.

But in 1873 another act was passed (chap. 592), entitled " an act supplementary to an act entitled ' an act to open and widen portions of Sackett, Douglass and President streets, and otherwise alter the commissioners' map of the city of Brooklyn,' passed May 6, 1868."   Section one authorizes the park commissioners to improve Sackett, Douglass and De Graw streets, and specifies the manner in which they may do it.    Section two provides for the payment of the work and material from time to time, during the progress of the work upon the improvement.    Section three provides that all the expense, incident to the improvement, shall be apportioned and assessed by three commissioners of assessment, to be appointed for the purpose by the Supreme Court, upon property benefited within a district of assessment to be fixed by the park commissioners ; and it also provides for confirmation of the assessment by the Supreme Court after notice, etc.  Section four provides for raising money by bonds to make the payments referred to in section two.    There is still a defect in the title to that act — De Graw street is omitted therefrom.

Notwithstanding the defects in the three acts which have now been referred to, the park commissioners proceeded with the improvement of the three streets last named, and on the 1st day of June, 1874, had nearly completed the same.    On that day an act was passed (chap. 588), entitled " an act to provide for the completion and improvement of Sackett, Douglass and De Graw streets, in the city of Brooklyn, and also for the collection and payment of all moneys expended, or indebtedness incurred by said city on account of the improvement of such streets by the Brooklyn park commissioners."    Section one of that act provides as follows : " Sections four, seven, nine and ten of an act of the Legislature, entitled ' an act to widen portions of Sackett, Doug-

lass and President streets, and otherwise to alter the commissioners' map of the city of Brooklyn,' passed May 6, 1868, as amended, extended or enlarged by the acts amendatory of or supplemental to, or said to be amendatory of or supplemental to such act, are hereby (except as hereinafter amended) expressly re-enacted, and the powers granted, or purported or stated to be granted by such sections and acts are hereby expressly conferred upon the Brooklyn park commissioners, and other officers and agents as therein set forth." Section two provides as follows : "All sums of money heretofore at any time paid or advanced to said park commissioners by said city, for or on account of the improvements mentioned in said sections of the act passed May 6, 1868, and the said amendatory and supplemental acts, together with all sums hereafter to be advanced under the authority of this act, with all interest paid by said city, at the time of such assessment, on account of bonds issued to obtain the money so advanced, shall be assessed, levied and collected in the manner provided in and by this act, it being the true intent and meaning of this act to make the sums heretofore expended for such improvement a charge on the same district, and assessable and collectable in the same manner as though such sums had been expended after the passage of this act." After the passage of that act the park commissioners proceeded with the work and completed the improvement in the month of July thereafter. On the tenth day of June they fixed the district of assessment. Some time prior to October twenty-first commissioners of assessment were duly appointed by the Supreme Court ; and they proceeded in the discharge of their duties, and made and reported the assessment now in question.

We are of opinion that this assessment was authorized by the act of 1874, and that that act was a valid exercise of legislative power. The title of the act is full and ample to express the subject of the act, and the act embraces but one subject. As the constitution then was, the sections of the prior acts could be enacted without reciting them at length.

Those acts were sufficiently referred to and could be found in the records of the State. The sections must now be read and construed as if they had been embodied at length in that act. Whether those sections were valid or not prior to the act of 1874, it was the clear intention of the Legislature to take them as they were in the records of the State and re-enact them.

Section four authorizes the opening and improving the five streets mentioned in the first act, and the appointment of the three commissioners to estimate the expense of the widenings and openings and the damages to be sustained by land owners. So far as pertained to Sackett and Douglass streets, it was not important to re-enact that section, because as to them, for reasons above stated, all the prior acts were valid. It does not appear to have been important to re-enact it as to De Graw street, because that street was not to be widened, no land was to be taken for it, and all that was to be done to that was to improve it. Section seven extends to the improvement of these streets, so far as applicable, the general laws for improving streets in the city of Brooklyn. Section nine, as amended, confers ample authority to grade and otherwise improve the three streets. Section ten provides for the assessment of the expense of the improvement by commissioners of assessment, to be appointed for that purpose. These sections, as re-enacted, give ample authority for the completion of the improvement upon the three streets. Section two of the act of 1874 gives ample authority to make the assessment in question. Here was an expense incurred by public officers, under acts supposed to be valid, in the improvement of public streets. The expense was to be either a tax upon the whole city or upon the property owners benefited ; and it cannot be doubted that the Legislature had the power to determine how the assessment should be made. The Legislature can adopt and sanction an improvement or an expenditure which it could previously authorize. It may authorize an assessment for an improvement, either before or after the improvement is made, as in

its judgment is deemed best. A complete system was provided for the imposition of the assessment by the orderly methods usually resorted to, and it is impossible to perceive how the power of the Legislature to enact section two can be successfully questioned.

It appears that the assessment upon some of the lots is greater than their value for the purposes of annual taxation; and hence it is claimed that this is confiscation instead of assessment. The assessment is doubtless large upon the property assessed. The improvements were expensive and extravagant, under a system of legislation the wisdom of which may well be questioned. But we can furnish no remedy. It does not appear that the assessment upon property benefited is unequal, and it does not appear how near their true value the lots were valued for annual taxation; nor does it appear that the property was not really benefited to the extent of the assessment.

Commissioners of estimate were appointed under section four of the act of 1868, in June of that year; and they acted and made their report in November, 1869, and their estimate and assessment were confirmed and laid. The assessment in question was made by other commissioners, appointed after the act of 1874. It is now claimed that this assessment should have been made by the commissioners first appointed. This is a mistake. Section ten of the act of 1868, as amended in 1872 and 1873, and re-enacted in 1874, required that this assessment for the expense of the street improvements should be made by " commissioners of assessment who shall be appointed for the purpose ; " and the commissioners who made this assessment were appointed for the purpose, and were therefore authorized to make it.

I have thus as briefly as I could, and yet with the care the importance of the case demands, examined these crude and imperfect acts, and I am of opinion that none of the objections now made to the assessment are well founded and that the order appealed from must be affirmed, with costs.

All concur.

Order affirmed.