STATE, BERGEN COUNTY SAVINGS BANK ET AL., PROSECU-TORS, v. THE INHABITANTS OF THE TOWNSHIP OF UNION, IN THE COUNTY OF BERGEN.

1. Legislative acts providing for a review and re-assessment of damages and benefits to land-owners in public improvements will be liberally construed to favor such re-assessment.
2. Every legal intendment will be made against prosecutors who have the benefit of the improvement, and make no objection until after the final remedial assessment is made and confirmed.
3. An act providing for the re-assessment of damages and benefits in laying, opening and grading two roads included in a scheme for improving any locality, is not unconstitutional because it embraces more than one object.
4. Writ will be dismissed for delay in prosecution.

On *certiorari*.   In matter of road improvement assessments.·

Argued at June Term, 1882, before Justices SCUDDER and KNAPP.

For the prosecutors, *Ackerson & Van Valen* and *W. M. Johnson.*

For the defendants, *L. Shafer.*

The opinion of the court was delivered by

SCUDDER, J.   The proceedings of commissioners brought here for review by this writ of *certiorari,* were taken under an act entitled " An act to provide for the assessment and payment of the costs and expenses incurred in the improvement of Ridge road and of Rutherford avenue, in the township of Union, in the county of Bergen," approved March 15th, 1875.   This act, in its preamble, recites that under and by virtue of an act entitled "An act to widen, grade and improve Ridge road, in the township of Union, in the county of Bergen," passed March 6th, 1872, extensive, and valuable improvements have been made upon said road, and a large amount of money expended in doing the same; and by reason of a defect in the provisions of said act, in reference to the assessments of the costs and expenses of said improvement, the Supreme Court of this state have adjudged said assessments to be illegal, and not binding upon the parties against whom they were made, whereby innocent parties who have advanced the money necessary for making said improvement, are likely to lose the money which they have thus advanced, unless further provision be made for the payment of the same; and also that under a supplement of the former act, approved April 3d, 1873, like improvements have been made upon Rutherford avenue, in the same township and county, and similar illegal assessments have been made.   Both by the preamble and its special provisions, this act of 1875 is a healing act, providing for a review and re-assessment of the damages and benefits to land-owners under the two former

acts, which were illegal in form and execution; it should, therefore, be liberally construed to effect the purpose of its enactment, and give the just relief which it contemplates.

On application of the township committee, the Court of Common Pleas of the county of Bergen have appointed three commissioners to make an assessment of the costs and expenses of the improvements of Ridge road and Rutherford avenue, under the provisions of this act, which require that a just and equitable assessment shall be made upon all the lands in the township of Union specially benefited by the said improvement, and that in no case shall the assessments upon any lands exceed the special benefits arising from said improvements to the land assessed, and the surplus of the cost and expense of the improvement over special benefits, shall be borne by the township. These commissioners made their assessment of damages to owners of lands, and for benefits; signed their certificates July 27th, 1875, and filed the same with the clerk of the township. This asssessment purporting to have been made after hearing objections of all parties interested on due notice given, was finally confirmed; and the act says the judgment of the commissioners shall be final and conclusive upon all parties. It does not appear in the carefully kept minutes of the commissioners, or by any evidence taken, that at any stage of their proceedings these prosecutors appeared before them, or objected to the method or the amount of the assessments upon their lands for benefits, or the allowance of damages. It is well, therefore, I think, to reiterate what was said before by this court when called upon to set aside the former assessment under the act of 1872, in *State, Kingsland, pros.*, v. *Township of Union*, 8 *Vroom* 268, 271, that every intendment should be made against those prosecutors who have had the benefit of the improvement, and made no objection to the scheme, so far as it appears, until after it was completed; and further, until after this final remedial assessment has been made for such improvement.

The first reason assigned for setting aside the assessment is, that the act of the legislature under which it was made is

unconstitutional, inasmuch as it embraces more than one object. The clause referred to is art. IV, § 7, ¶ 4, that "To avoid improper influences which may result from intermixing in one and the same act such things as have no proper relation to each other, every law shall embrace but one object, and that shall be expressed in the title."

This clause has been construed in our courts in *State, ex rel. Walter,* v. *Town of Union,* 4 *Vroom* 350; *State, ex rel. Doyle,* v. *City of Newark,* 5 *Vroom* 236; *Rader* v. *Township of Union,* 10 *Vroom* 509.

The practical rule for its construction given in *Cooley's Const. Lim.* 146, is, that there has been a general disposition to construe this constitutional provision liberally, rather than to embarrass legislation by a construction whose strictness is unnecessary to the accomplishment of the beneficial purposes for which it has been adopted. Those purposes, as stated in the cases above referred to, are to insure a separate consideration for every subject presented for legislative action, and a conspicuous declaration of such purpose. These are deemed essential, to avoid improper influences which may result from intermingling in one and the same act such things as have no proper relation to each other. But, as it is also said, this paragraph in the constitution is not intended to prohibit the uniting in one bill of any number of provisions having one general object fairly indicated by its title. Ridge road and Rutherford avenue are two intersecting streets, in the township of Union, near Rutherford park, and embraced in a scheme for improving that locality. The act of 1872, provides for the widening, grading and improving of Ridge road, and an assessment for damages and benefits. The act of 1873, entitled a supplement to the act of 1872 by the same title, provides for the laying, relaying, opening and widening of Orient way; and in another clause, for laying, relaying, extending, opening and widening Rutherford avenue, adopting, in the later act, substantially the provisions of the former, without repeating them in the supplement, and empowering the same commissioners to act. The improvement was, there-

fore, substantially the same, and by the same commissioners, with the same method of assessments. The assessments having been held to be illegal, this remedial act was passed to supply their deficiencies. It is immaterial to consider the illegal features in the former acts, for if the improvements under them were made by color of legislative authority, it was clearly in the power of the legislature to pass a law to remedy these defects, and provide a just and equitable assessment for the damages sustained and the benefits conferred by the improvements. This they have attempted to do by the act of 1875, and the prosecutors, who are owners of lands on Rutherford avenue, object that this act is unconstitutional, because it embraces more than one object. This is based on the title and provisions of the act which cover these two roads in the township of Union. But the object of the act is the assessment for improvements on these roads, made under the same act and authority. They have, therefore, a proper relation to the assessment and to each other. They are not separate, but connected in the same general act and purpose. It would lead to an absurd result, and embarrass legislation, if this constitutional provision should be so construed that a separate act of the legislature will be required for every road in the township of Union which it is proposed to improve. Such is not the intention of the constitution. It would be right to include all or any number of roads in a township in a scheme of improvement, and unite them in the same act. In *Matter of Sackett, Douglas and De Graw Streets,* 74 *N. Y.* 95, the Court of Appeals sustained an act similar to this, under a like constitutional provision. The subject of the act was the improvement of five streets in the city nearly related to each other, and all that pertains to such improvement was held to pertain to the subject or object of the act. This case also supports the position above taken in approving the provisions of this act, that the legislature may adopt and sanction an improvement or expenditure which it could previously authorize, and direct an assessment for an improvement after the improvement is made, if it was made under color of legal

authority. These results accord with the cases above cited, in our courts, and with the views already expressed, they will be applied to this case.

Other exceptions relate to informalities in executing the provisions of the statute in making the assessments under it. One is, that it does not affirmatively appear that the commissioners appointed by the court were not tax-payers or property-owners in the township of Union, and that they took or filed the oath required by the act, but these omissions have been cured by proof of compliance. Others relate to the times of completing the map and assessments, and alleged defects in forms of notices and assessments, and many other formal objections, which, so far as they are material, have been answered by proofs, or are not sustained by the return made to the writ. But if it were otherwise, without undertaking to examine and decide the many questions raised, I think this writ should be dismissed for laches in prosecution. The report of the commissioners was made on July 27th, 1875. The writ to review the assessment was tested October 27th, 1877. It therefore appears that the prosecutors, without any legal excuse, have waited for more than two years after the completion of the improvement, and the final report of re-assessment by the commissioners.

The time that elapsed, the character of these re-assessments, and the statute by which they were authorized, should silence the prosecutors as to any objections which are not shown to have affected their substantial rights; and the precedent of *State, Weart, pros.*, v. *Jersey City*, 12 *Vroom* 510, should be followed in this, and all like cases, by dismissal of the writ.

The writ will be dismissed, with costs.