### DE SILVIA v. STATE. (No. 6025.)

(Court of Criminal Appeals of Texas. March 9, 1921.)

**1. Statutes ⟨⟩109—Statute with misleading title unconstitutional.**

A statute is violative of Const. art. 3, § 35, requiring the subject of the act to be stated in the title, if the title is misleading and imports a subject different from that to which the law relates.

**2. Statutes ⟨⟩124(1)—Statute creating municipal court under title calling for creation of county court invalid.**

Acts 35th Leg. (1918) 4th Call. Sess. c. 61, *held* violative of Const. art. 3, § 35, requiring the subject of an act to be stated in the title, in that it is entitled an act to establish a county court, whereas in effect it creates a municipal court, in view of Vernon's Ann. Civ. St. Supp. 1918, arts. 1788–1811.

**3. Constitutional law ⟨⟩63(2)—Statute delegating to city power to fix qualifications, etc., of judge held unconstitutional.**

Acts 35th Leg. (1918) 4th Call. Sess. c. 61, providing for organization of county court of Jefferson county at law No. 2, *held* void, in that under section 3 the Legislature delegated to the governing body of the city of Port Arthur the right to name qualifications, tenure of office, and method of election of judge in violation of Const. art. 5, §§ 1, 15.

**4. Constitutional law ⟨⟩63(2)—Legislature cannot delegate control over organization of courts.**

The Legislature has no right to delegate to a municipal corporation authority to control the organization of courts specially committed to the Legislature, notwithstanding the rule that legislative powers relating to matters of purely local concern may be delegated to the city.

Original application for writ of habeas corpus by Newt De Silvia. Petitioner discharged.

F. G. Vaughn, of Beaumont, for appellant. Alvin M. Owsley and E. F. Smith, Asst. Attys. Gen., for the State.

MORROW, P. J. The relator is under conviction for violation of the statute of the state. The judgment assessed against him a fine of $100 and confinement in the county jail for 60 days. He was convicted in a court known as the "county court of Jefferson county at law No. 2," organized under chapter 61 of the Acts of the Thirty-Fifth Legislature, Fourth Called Session. The caption of the act is as follows:

"An act to establish and create a court to be known as the 'county court of Jefferson county at law No. 2' and to prescribe its organization, jurisdiction and procedure, and to conform the jurisdiction and procedure of other courts thereto, and to declare an emergency."

In section 2 the jurisdiction of the court is declared to extend over offenses committed within the territorial limits of the city of Port Arthur, which are set out and defined in the act. The offenses described are those of penal nature under the ordinances of the city and concurrently with other county courts of the county "in all criminal cases arising under the criminal laws of this state."

In section 3 it is declared that the court shall hold its sessions at Port Arthur; that a judge shall preside over it known as judge of the county court of Jefferson county at law No. 2, "who shall be appointed in the manner now provided by the existing charter and ordinances of said city for appointing the recorder of the recorder's court of said city, or in accordance with such charter and ordinances as may be hereafter adopted by said city, for appointing the judge for the court hereby created." The tenure of office, qualification, and removal of said judge and filling any vacancy in said office are governed by the charter and ordinances of said city, relating to the judge of the recorder's court of said city "as now existing or as hereafter amended." Other provisions of the act provide for procedure in the court and for rules governing such bodies of the state and for application of fines and costs to the use of the city.

[1] Appellant insists that there is a variance between the act and its caption, and that therefore the law is obnoxious to the constitutional provision requiring the subject to be stated in the title. See Constitution, art. 3, § 35. That a title which is misleading—that is, one which imports a subject different from that to which the law relates—does not comply with the constitutional provision, seems obvious. It has been so held in numerous cases. Ruling Case Law, vol. 25, p. 864, § 108, note 3.

One object of the constitutional provision mentioned is "to fairly apprise the people, through such publication of legislative proceedings as is usually made, of the subjects of legislation that are being considered, in

order that they may have opportunity of being heard thereon, by petition or otherwise, if they shall so desire." Cooley's Const. Limitations (7th Ed.) p. 205.

The courts, in construing the provisions in connection with legislative acts, have, throughout the history of the state, been liberal toward the validity of the act. Notwithstanding this practice, they recognized that the provision of the Constitution is mandatory, and that, when viewing the act in the light of the liberal policy mentioned, if it cannot be fairly said that the caption is not misleading, the law or the part of the law which is variant from the title of the act must give way. Giddings v. San Antonio, 47 Tex. 548, 26 Am. Rep. 321; Albrecht v. State, 8 Tex. App. 217, 34 Am. Rep. 737.

The title of the act in question gives notice that in Jefferson county a "county court at law" is to be created. One interested in legislation, whether in the Legislature or out of it, would be apprised that the object was the creation of a court, similar in its characteristics to the numerous courts bearing the same name that had previously been created by the Legislature, and which at the time were vital parts of the statutes of the state, and one of which was in Jefferson county.

The jurisdiction of the county courts at law previously created embraced the authority over the territory of a county, and, generally speaking, all such matters, civil and criminal, as were conferred by the Constitution upon the county court, save in probate matters. The terms were fixed by the law, and its sessions were held at the county seat. The method of election and the qualifications of the judge were the same as those prescribed by the Constitution with reference to the judge of the county court. The money received from fines and costs was the property of the state and its officers. Revised Statutes 1911, p. 401; Vernon's Civil Statutes 1918, arts. 1788 to 1811, inclusive.

[2, 3] The court created, while bearing the name of "county court at law," consists of the elements of a corporation court, exercising power similar to some that have been conferred upon corporation courts in the special charters of some of the cities. See Ex parte Bennett, 85 Tex. Cr. R. 315, 211 S. W. 934. In the territory it covers, in the jurisdiction conferred upon it, in the location of the court, in the selection of its officers and their tenure of office, in the disposition of its revenue, in the manner of selecting the jurors, in the officers who execute its process, in the manner of fixing their compensation, in the limitations of the right of appeal, the court created was fundamentally different from that named in the title; so different that notice of it was not given in the caption of the act creating it, as required by the Constitution. If this conclusion should be doubt-

ful or wrong, and if the court created can be classified as a county court at law, there exists grave question of its validity. The power under which the Legislature may create county courts at law is that conferred by section 1, art. 5, of the Constitution, from which we quote:

"The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto." See Harris' Constitution, p. 356.

In section 15, art. 5, of the Constitution the qualifications and tenure of office of the county judge are prescribed, and it is said that "he shall be elected in each county by the qualified voters." So far as we are aware in the creation of the county courts at law, which has been done from time to time since 1907, the Legislature has deemed it either necessary or expedient to prescribe with reference to the judge of the county court at law the tenure of office and method of election the same as that named in the Constitution for the county judge. Whether this be necessary we need not decide. It illustrates that, as interpreted by the Legislature in the creation of such courts, they have construed article 1, § 5, supra, to require that the Legislature, in complying with the requirement in the Constitution that it "shall provide for the organization of the court created," shall name the qualifications, tenure of office, and method of election of the judge.

In the act before us the Legislature has delegated this duty and power to the governing body of the city of Port Arthur, and left it optionary with that body to change the method at its pleasure.

Section 3 of the act in question says that—

The judge "shall be appointed in the manner now provided by the existing charter and ordinances of said city for appointing the recorder * * * or in accordance with such charter and ordinances as may be hereafter adopted by said city."

[4] While to the general rule prohibiting the delegation of legislative powers there is an exception in favor of vesting in municipal corporations matters of purely local concern, the exception is limited and does not embrace the right of the Legislature to delegate its authority to control the organization of courts specially committed to it. See Cooley's Const. Limitations, pp. 163 and 167; Ruling Case Law, vol. 6, p. 169, § 168; Ruling Case Law, vol. 17, p. 706; Re Cloherty, 2 Wash. 137, 27 Pac. 1064; Pittsburgh's Petition, 138 Pa. 401, 21 Atl. 757, 759, 761; State v. Sawyer County, 140 Wis. 634, 123 N. W. 248; Lyle v. State, 80 Tex. Cr. R. 607, 189 S. W. 269.

If the court created be a municipal court,

it is a fatal departure from the title of the act. If it be a "county court at law," it should have been organized by a law passed by the Legislature. The delegation of essential features of the organization of a county court at law to the city government was not valid. In either case the conviction of the relator is by a court not created and organized in the manner sanctioned by the Constitution.

. He is therefore ordered discharged.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes