**SUTHERLAND, County Judge, et al. v. BOARD OF TRUSTEES OF BISHOP INDEPENDENT SCHOOL DIST. et al. (No. 7119.)**

(Court of Civil Appeals of Texas. San Antonio. April 9, 1924. Rehearing Denied May 7, 1924.)

**1. Statutes ⬥122(1)—Act creating school district held not to express subject in title.**

Sp. Acts 38th Leg. (1923) c. 52, entitled "An act to create" an independent school district "out of a part of" certain named common school districts, which act, by the body thereof, includes not only parts of the two existing districts designated in its title, but also an appreciable portion of the territory and revenues of two other existing school districts not mentioned in its title, *held* violative of Const. art. 3, § 35, requiring subject of act to be expressed in title.

**2. Statutes ⬥105(2)—Requirement as to title mandatory but liberally construed.**

Const. art. 3, § 35, providing that "no bill * * * shall contain more than one subject, which shall be expressed in its title, * * *" is mandatory, but will be liberally construed.

**3. Statutes ⬥109 — Title not disclosing that undesignated localities are affected invalidates act.**

If a statute by its title appears to affect only the residents of particularly designated localities, while the provisions in its body affect other localities or territory, then the title is misleading and unconstitutional in so far as it affects the unnamed places.

**4. Statutes ⬥109—Maxim that mention of one excludes another applicable to defeat surprise legislation.**

Const. art. 3, § 35, requiring the subject of a bill to be expressed in the title, may be violated by title which by mentioning one thing impliedly excludes another, though both are included within the body of the act.

**5. Statutes ⬥64(10)—Statute creating school district held invalid as whole where part could not stand.**

Notwithstanding Const. art. 3, § 35, providing that if the subject of an act is not expressed in the title the act shall be void only as to so much thereof as shall not be expressed, Sp. Acts 38th Leg. (1923) c. 52, attempting to create Palo Alto Independent School District and violating the Constitution in that its title indicated that it would be formed out of a part of certain designated common school districts, whereas its body made the district include, in addition, appreciable portions of school districts not mentioned in the title, *held* invalid as a whole.

*On Motion for Rehearing.*

**6. Appeal and error ⬥931(1) — Unchallenged court findings assumed supported by evidence.**

Court findings, not challenged by assignment of error, are assumed supported by sufficient evidence.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Suit by the Board of Trustees of Bishop Independent School district and others against H. R. Sutherland, County Judge, and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

Kleberg & North, of Corpus Christi, for appellants.

Boone & Savage, of Corpus Christi, for appellees.

SMITH, J. This appeal brings into question the validity of an act of the regular session of the Thirty-Eighth Legislature creating the Palo Alto independent school district, in Nueces county. Sp. Laws, 38th Leg. p. 199. The court below held the act to be unconstitutional, and granted a permanent injunction restraining the organization and functioning of the proposed district.

The first clause in the title of the act was:

"An act to create the Palo Alto independent school district, out of a part of the Matamoras common school district and the Bishop independent school district, in Nueces county, Texas, defining its boundaries. * * *"

Whereas, in the body of the act the new district was made to include not only parts of the territory of the two existing districts designated in the title, but it also embraced approximately 11 per cent. of the territory and revenues of the Agua Dulce independent school district, and a smaller portion of common school district No. 4, neither of which districts was mentioned in the title, nor by name in the body of the act, so far as that is concerned. The invasion of the two latter districts was accomplished simply by projecting the boundaries of the new district, by metes and bounds, over the lines of the old. It appears from the record that the trustees of the two districts depleted by the operation of the act, but not named in the title or specifically mentioned in the body of the act knew nothing whatever of the proposed legislation until the act was finally passed by both Houses, was signed by the presiding officers of the Senate and House, passed through the hands of the Governor, who, withholding his approval but not propounding his disapproval, filed it in the office of the secretary of state, by which it automatically became a law—it was only then that the people of the depleted districts first learned of the legislative project by which one of them was deprived of approximately 11 per cent. of its territory and revenues, and the other was similarly affected, but in less degree. The trustees of the two depleted districts, joined by the Bishop district, thereupon brought this ac-

tion to contest the enforcement of the act, and in this way three of the four affected districts are here protesting against the enactment.

[1] The chief attack made upon the validity of the act is founded upon the contention that the title of the act contravenes the provision in section 35, art. 3, of the state Constitution, defining the powers of the Legislature, that "no bill * * * shall contain more than one subject, which shall be expressed in its title. * * *" It is conceded that if the title of the act had simply defined the subject thereof to be "to create the Palo Alto independent school district, * * * in Nueces county," it would have been in compliance with the letter and in consonance with the spirit of the constitutional requirement, at least in so far as it related to the territory to be affected by the act. But this is not the case made. The Legislature was not content with this simple caption. It went further, and sought to index in lengthy and somewhat involved details the territorial composition, the scope, and the means of accomplishing the general purpose of the act, and, as often occurs in such cases, omitted some of the most important of those details. The result is that the title, instead of heralding all, concealed some, by expressly mentioning others of the vital elements of the general purposes of the bill.

It is not contended, nor can it be, that the title does not express the general subject of the act, which was to create the Palo Alto independent school district in Nueces county. The complaint is that the title is misleading, in that after expressing the general subject, it proceeded unnecessarily to specify, among other things, the subdivisions out of which the proposed district was to be carved, and while purporting to designate all such subdivisions omitted two which were vitally depleted by the provisions in the body of the bill.

[2] The quoted provision of the Constitution is mandatory. Lewis' Sutherland, Stat. Const. § 112; Giddings v. City of San Antonio, 47 Tex. 548, 26 Am. St. Rep. 321. But the provision will be liberally construed in determining whether or not a statute conforms thereto. Breen v. Ry., 44 Tex. 302.

One of the cardinal purposes of the provision is "to fairly apprise the people, through such publication of legislative proceedings as is usually made, of the subjects of legislation that are being considered, in order that they may have opportunity of being heard thereon, by petition or otherwise, if they shall so desire." Lewis' Sutherland, Stat. Const. § 111; Cooley, Const. Lim. p. 205; Giddings v. San Antonio, supra; De Silvia v. State, 88 Tex. Cr. R. 634, 229 S. W. 542. According to the authority first cited:

"The failure to indicate in the title of the bill the object intended to be accomplished by the legislation often resulted in members voting ignorantly for measures which they would not knowingly have approved. And not only were legislators thus misled, but the public also; so that legislative provisions were stealthily pushed through in the closing hours of a session, which, having no merit to commend them, would have been made odious by popular discussion and remonstrance if their pendency had been seasonably announced. The constitutional clause under discussion is intended to correct these evils; to prevent such corrupting aggregations of incongruous measures by confining each act to one subjejct or object; to prevent surprise and inadvertence by requiring that subject or object to be expressed in the title."

[3] The title of the act in question affirmatively purports to affect two existing districts, which are expressly designated for that purpose, and by clear and impressive implication negatives any purpose to legislate as to the two unnamed districts, and no one on reading the title could possibly understand or infer from its recitals that the provisions in the body of the act effectually deprive the Agua Dulce and No. 4 districts of substantial portions of their territory, population, and revenues. The true test to be applied in cases of this character is: Does the title fairly give notice by its recitals, to all persons concerned, of the subject-matter of the act? If by its title it appears to affect only the residents of particularly designated localities, while the provisions in the body of the bill affect other localities or territory, then the title is misleading and unconstitutional, in so far as it affects the unnamed places. 26 R. C. L. p. 107, § 106; Lewis' Sutherland, Stat. Const. §§ 111, 123, 125, 131, 143, 145; Adams v. Water Co., 86 Tex. 485, 25 S. W. 605; Ward, etc., Co. v. Carpenter, 109 Tex. 103, 200 S. W. 521; Giddings v. San Antonio, supra; Consolidated Co. v. Kirby Co. (Tex. Civ. App.) 250 S. W. 476; Halman v. Cowden (Tex. Civ. App.) 158 S. W. 571; Payne v. School Dist., 168 Pa. 386, 31 Atl. 1072; State v. Great Western, etc., 171 Mo. 634, 71 S. W. 1011, 94 Am. St. Rep. 802; Anderson v. Hill, 20 N. W. 549, 54 Mich. 477; In re Sugar Notch Bor., 192 Pa. 349, 43 Atl. 985; In re Sackett, etc., 74 N. Y. 95.

[4] Appellee has cited the case of Doeppenschmidt v. Railway, 100 Tex. 534, 101 S. W. 1080, and other authorities of like import, to support its contention that the validity of the act is not affected by the defective title; but we do not regard those authorities as being decisive of this case. It is true that in the Doeppenschmidt Case, in which the opinion was written by Chief Justice Gaines, the maxim that the mention of one thing excludes another was held not to apply in reconciling a legislative act with its title, but in the Adams v. Water

Co. Case, in which also the opinion was written by Judge Gaines, that maxim was specifically applied, and the principle embraced therein seems to be universally applied where it is necessary to defeat surprise legislation, such as the act here involved. The mischief achieved through a deceptive or misleading title, even if not always as far-reaching, is certainly just as vicious as the mischief flowing from a title which is so general as not to point out the principal object of an act. In both cases the principle is the same, and in each should be vigorously applied; and this is particularly true in seasons of hasty and ill-considered legislation. We think it is quite clear that the act offends against the constitutional requirement, and accordingly so hold.

[5] It is further provided in section 35 that—

"If any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

This proviso has been liberally construed and applied so as to save legislative enactments, where it is at all practical to do so after parts of such acts have been adjudged invalid. Judge Cooley's statement of the true rule seems universally applied and is approved by the Supreme Court of Texas, and that is:

"When, therefore, a part of a statute is unconstitutional, that fact does not authorize the courts to declare the remainder void also, unless all the provisions are connected in subject-matter, dependent on each other, operating together for the same purpose, or otherwise so connected together in meaning that it cannot be presumed the Legislature would have passed the one without the other. * * * The point is * * * whether they are essentially and inseparably connected in substance. If, when the unconstitutional portion is stricken out, that which remains is complete in itself, and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which was rejected, it must stand." Cooley's Const. Lim. 211 et seq.; Tel. Co. v. State, 62 Tex. 630.

We conclude that tested by this rule no part of the act is enforceable for any purpose, after the provisions incorporating parts of Agua Dulce and No. 4 districts into the proposed district are excluded, as they must be. According to the provisions of the act portions of those two districts and of the two districts designated in the title are grouped into one new district. The old district lines are obliterated, and the four parts taken from existing districts are consolidated into one complete, compact entity, encircled by a new line, formed to the liking of the Legislature.

It should be presumed in support of legislative infallibility of judgment that the district was accurately formed with reference to territorial proportion, population, and property values, so that it would be convenient in size, compact in form, and yet would take no more from existing districts than was necessary to give the new corporation sufficient territory, population, and revenues to enable it under existing tax limitations to establish and maintain a new school, or improve and maintain existing schools, within the newly segregated territory. In so selecting the four component parts of the proposed district, the Legislature was acting peculiarly within its province and exercising a discretion wholly its own, and it is not for the courts to say that the Legislature intended that if the district could not function as thus composed, then it should function with the Agua Dulce and No. 4 districts' territory eliminated; for it may be, probably is, true that when their territory is restored to Agua Dulce and district No. 4, the remaining fragments would comprise a district incongruous and impracticable in size and form, and insufficient in population and revenues for the contemplated and declared purposes. To give this partial validity to the act would require this court to say that the Legislature intended to create a new district circumscribed by the elimination of the excised portions of the two old districts, if the district expressly outlined could not prevail. This would clearly amount to judicial legislation, and compel us to incorporate into the act that which it did not contain; to convert a legislative creation of four peculiar component parts into one of two such parts of our own selection, thus substituting the judicial for the legislative will.

The judgment of the trial court is affirmed.

### On Motion for Rehearing.

It was said in the original opinion that—

"It appears from the record that the trustees of the two districts depleted by the operation of the act, but not named in the title, * * * knew nothing whatever of the proposed legislation until the act was finally passed by both Houses."

Counsel for appellant in their motion for rehearing assert with obvious impatience that there is nothing in the record to show the facts stated, "or anything similar" to them, and approach dangerously near to a charge that this court has deliberately misstated the record. We therefore feel called upon to support the statement mentioned, by quoting the trial court's thirteenth finding of fact, at page 59 of the transcript, which finding appellant has not challenged on this appeal:

"Plaintiffs did not know that said act was proposed to be enacted, nor that it was enacted, until after same was filed in the office of the

secretary of state and did not consent to the creation of an act diminishing their territories and making the changes in their boundaries."

Appellant also attacks the statement in the original opinion that "approximately 11 per cent. of the territory and revenues of the Agua Dulce independent school district, and a smaller portion of common school district No. 4," were embraced in the proposed new district. This statement in the opinion, however, was based upon the unchallenged findings of the trial court (paragraph 10, Tr. 57) that the "territory excised" from the Agua Dulce district amounts to "about 11 per cent. of the area" of said district, and that taken from district 4 amounts to about 2 per cent. of its area, while 10 per cent. of the taxable values was taken from the Agua Dulce district, and 1 per cent. from district 4.

[6] It will be seen, then, that appellants' attacks upon the statements mentioned are without warrant, since those statements were based upon and amply supported by affirmative findings made by the trial court and brought forward into the transcript. As those findings are not challenged by any assignment of error presented by appellant, we assumed on submission, and must still assume, that they are based upon evidence sufficient to support them.

Appellate courts are bound by the facts as found by the trial court, unless those findings are challenged by assignments of error, duly filed and prosecuted on appeal by the complaining party. If the trial court's findings in the matters mentioned were not supported by evidence, it was the duty of appellant to challenge them on appeal and point out the discrepancies and errors therein to this court. Having failed to do this, appellant alone is responsible for the supposed injustice resulting therefrom.

The motion for rehearing is overruled.