

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

June 6, 1963

Honorable Lloyd G. Rust, Jr.
County Attorney
Wharton County
Wharton, Texas

Opinion No. C-91

Re: Whether Article 2351a-1,
Vernon's Civil Statutes,
as amended in 1961, is
constitutional, and a
related question.

Dear Mr. Rust:

You have asked (1) whether Article 2351a-1,
Vernon's Civil Statutes, as amended in 1961, is consti-
tutional, and, (2) if so, whether an election is neces-
sary to authorize the issuance of time warrants there-
under.

Article III, Section 35 of the Texas Constitu-
tion imposes a sharp limitation upon the form of bills
passed by the Legislature:

"No bill . . . shall contain more
than one subject, which shall be express-
ed in its title. But if any subject shall
be embraced in an act which shall not be
expressed in the title such act shall be
void only as to so much thereof as shall
not be so expressed."

The challenged enactment, codified as Article
2351a-1, Vernon's Civil Statutes, is found in Acts 1961,
57th Legislature, p. 492, ch. 234, §1. In pertinent part,
it is quoted as follows:

"Chapter 234

H.B. No. 111

"An Act amending Section 1 of Chapter 360, Acts
of the Forty-seventh Legislature, Regular Session,

-452-

1941, to provide that the Commissioners Court
in all counties of this State may provide
fire protection and fire-fighting equipment
for the citizens of the county outside of any
incorporated city, town or village therein; to
provide that this equipment may be paid for
by time warrants of the county as provided by
law; and declaring an emergency.

"Be it enacted by the Legislature of the State of Texas:

Section 1.  Section 1 of Chapter 360, Acts
of the Forty-seventh Legislature, Regular
Session, 1941 (codified as Article 2351a-1
of Vernon's Texas Civil Statutes), is amend-
ed to read as follows:

'Section 1.  The Commissioners Court in all
counties of this State shall be authorized to
furnish fire protection and fire-fighting
equipment to the citizens of such county re-
siding outside the city limits of any in-
corporated city, town or village within the
county and/or adjoining counties.  The Com-
missioners Court shall have the authority to
purchase fire trucks and other fire-fighting
equipment by first advertising and receiving
bids thereon, and is hereby authorized to is-
sue time warrants of the county and to levy
and collect taxes to pay the interest and prin-
cipal thereon as provided by law.  The Commis-
sioners Court . . .'"

The caption of Article 2351a-1 avers that the Act is
to " . . . provide that the Commissioners Court in all counties
of this State may provide fire protection and fire-fighting
equipment for the citizens of the county outside of any in-
corporated city, town or village therein . . ."  In the body
of the Act, the quoted sentence is continued by the addition
of the words "and/or adjoining counties."  If the Act is
repugnant to the Constitution, it is by virtue of these add-
ed words.

The phrase "and/or adjoining counties" is used three
times in Article 2351a-1.  We are concerned here with only
the first occasion of its use; in the last two instances
the phrase is used in connection with clearly proper contracts
that the Commissioners Court may enter into with a view to
providing fire protection to the citizens of the county.

The caption to Article 2351a-1 indicates that the benefits thereunder are intended solely for the citizens of a particular county who reside outside an incorporated area, while the body of the Act applies not only to those citizens, but also to similar citizens in adjoining counties. Thus, the citizens of one county are placed in the position of paying for fire protection for the citizens of adjoining counties.

In Sutherland v. Board of Trustees, 261 S.W. 489 (Tex.Civ.App. 1924, error ref.), Justice Smith of the San Antonio Court of Civil Appeals said, at page 490:

> "The true test to be applied in cases of this character is: Does the title fairly give notice by its recitals to all persons concerned, of the subject-matter of the act? If by its title it appears to affect only the residents of particularly designated localities, while the provisions in the body of the bill affect other localities or territory, then the title is misleading and unconstitutional, in so far as it affects the unnamed places."

In view of that holding, so clearly in point with the present fact situation, it is the opinion of this office that the provisions of Section 35 of Article III of the Texas Constitution have been violated.

This is not to say that the entire statute must fall. If the unconstitutional portion can be excised, leaving the remainder capable of standing alone, then the remainder of the statute may be left intact. Landrum v. Centennial Rural High School District No. 2, 134 S.W.2d 353 (Tex.Civ.App. 1939, error dism. Judgm.cor.). The unconstitutional words "and/or adjoining counties" can be removed from the first sentence of Article 2351a-1, and no damage is done to the basic act. It is the opinion of this office that the words "and/or adjoining counties," found in the first sentence of Article 2351a-1, Vernon's Civil Statutes, render that statute unconstitutional, but that the words are severable and their removal does not affect the validity of the remainder of the statute.

As to your second question, we find that the 1961 amendment to Article 2351a-1, Vernon's Civil Statutes, hereinafter called the "1961 statute" states in part as follows:

> ". . . The Commissioners' Court shall have the authority to purchase fire trucks

and other fire-fighting equipment by first
advertising and receiving bids thereon, and
is hereby authorized to issue time warrants
of the county and to levy and collect taxes
to pay the principal and interest thereon
as provided by law. . . ." (Emphasis added).

Article 2351a-4, Vernon's Civil Statutes, hereinafter
called the "1949 statute," was enacted in 1949, was in full
force and effect during 1961, and is still a valid and effec-
tive statute. It is noteworthy that the words " . . . to
purchase fire trucks and other fire-fighting equipment . . ."
appear in both statutes and there can be no question but that
the 1949 statute "provides by law" for the issuance of time
warrants for the purchase by counties of the identical type
of equipment contemplated in the 1951 statute. Nor can it
be questioned that the 1949 statute requires that time war-
rants issued for such purposes be authorized by an election.

Therefore, we think that the phrase "as provided by
law" appearing in the 1961 statute necessarily refers to the
1949 statute and that issuance of such warrants for this pur-
pose must be authorized by an election as described in the
1949 statute.

The 1949 statute deals specifically with issuance of
time warrants by counties for the purchase of fire trucks and
other fire-fighting equipment and must take precedence in
regard to their issuance for that particular purpose even
though the procedure differs from that provided by Article 2368a,
Vernon's Civil Statutes, entitled "Bond and Warrant Law of
1931," which is the general law prescribing the procedure for
issuance of time warrants.

It is the method of purchase of the equipment which is
the crux of the question presented here and we do not think
that the purposes for which the equipment may be used follow-
ing its acquisition, as described by the two statutes, influence
this result. It is true that the 1949 statute in broad language
states that, once acquired, the fire-fighting equipment is to
be used for the "protection and preservation" of county proper-
ty located within the county but not within any incorporated
city or town, while the 1961 statute authorizes the furnishing
of "fire-fighting equipment to the citizens of such county
residing outside the city limits," etc. But these stated pur-
poses are so broad as to be overlapping in their meaning.

Hon. Lloyd G. Rust, Jr., page 5 (C-91)

Once the equipment is acquired, the Commissioners Court may well decide, in the exercise of its sound discretion, that the "protection and preservation" of county property requires that they "furnish" the equipment "to the citizens of such county," and vice versa. It is well known that any fire may spread and that under certain conditions, such as where high winds arise in times of drouth, it may spread for many miles and a fire involving either county property or private property may endanger all other property over a large area.

This answer to your second question is further justified by another consideration. The issuance of time warrants is often but the first step in binding a county to the payment of negotiable bonds, for under the provisions of Article 2368a, V.C.S., such time warrants, if they represent a "legal debt" of the county, may be refunded by the issuance of such bonds. Viewed in this light, as a part of the procedure leading to issuance of negotiable bonds, we think that the requirement of an election appearing in the 1949 statute is not removed beyond any doubt by the words "as provided by law" of the 1961 statute. And the Supreme Court of the United States has held that since the existence of power in political subdivisions to issue negotiable bonds is extraordinary, "any doubt" as to whether a law confers such power will be resolved against its existence. City of Brenham v. German American Bank, 144 U.S. 173, 549, 12 Sup.Ct. 559, 975. (Emphasis added).

SUMMARY

Article 2351a-1 is unconstitutional insofar as it is broader in scope than the caption of the enrolled bill. By excising the words "and/or adjoining counties" from the first sentence of the Act, the statute can be made to conform with constitutional requirements. With the words so removed the Act can stand alone and is valid.

An election is necessary to authorize the issuance of time warrants under Article 2351a-1, V.C.S.

Yours very truly,

WAGGONER CARR
Attorney General

-456-

By _Malcolm L. Quick_
Malcolm L. Quick
Assistant

_Howard Mays_
Howard Mays
Assistant

MLQ:HM:s:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Cecil Rotsch
Joseph Trimble

APPROVED FOR THE ATTORNEY GENERAL
By:   Stanton Stone