

# The Attorney General of Texas

December 2, 1985

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002

Opinion No. JM-387

Re: Constitutionality of House Bill
No. 2370, Acts 1985, 69th Leg., ch.
568, at 4427, which applies to
counties and areas of counties out-
side the boundaries of cities of 1.5
million or more residents

Dear Mr. Driscoll:

You have inquired whether chapter 568 of the Sixty-ninth Legisla-
ture, Acts 1985, 69th Leg., ch. 568, at 4427, which enacted article
974a-3, V.T.C.S., violates article III, section 35 of the Texas
Constitution. That section provides as follows:

> No bill, (except general appropriation bills,
> which may embrace the various subjects and
> accounts, for and on account of which moneys are
> appropriated) shall contain more than one subject,
> which shall be expressed in its title. But if any
> subject shall be embraced in an act, which shall
> not be expressed in the title, such act shall be
> void only as to so much thereof, as shall not be
> so expressed.

Tex. Const. art. III, §35. The Interpretive Commentary following the
above quoted provision states, in part, as follows:

> The purpose of the title-subject provision is
> threefold: First, it is designed to prevent
> log-rolling legislation, i.e., to prevent the
> writing of several subjects having no connection
> with each other in one bill for the purpose of
> combining various interests in support of the
> whole. Second, it prevents surprise or fraud upon
> legislators by means of provisions in bills of
> which the titles give no intimation, and which
> might therefore be overlooked and carelessly and
> unintentionally adopted. Third, it permits the
> people to be fairly apprised of the subjects of
> legislation under consideration, so that they may

have an opportunity of being heard, if they so desire.

Tex. Const. art. III, §35, interp. commentary (Vernon 1984).

While it is well-settled that "the quoted provision . . . is mandatory," Sutherland v. Board of Trustees of Bishop Independent School District, 261 S.W. 489, 490 (Tex. Civ. App. - San Antonio 1924, writ ref'd),

> [i]t is also well settled that the caption of an act should be liberally construed so as to uphold its validity if at all possible. Gulf Ins. Co. v. James (supra); Lee v. State, 163 Tex. 89, 352 S.W.2d 724 (1962). It has also been held that, 'none of the provisions of a statute should be regarded as unconstitutional where they relate, directly or indirectly, to the same subject, have mutual connection, and are not foreign to the subject expressed in the title.' Stone v. Brown, 54 Tex. 330.

C. Hayman Construction Company v. American Indemnity Company, 471 S.W.2d 564, 566 (Tex. 1971).

The title of the questioned enactment reads as follows:

> relating to the submission and approval of certain development plats in cities of 1,500,000 residents or more; providing a penalty.

V.T.C.S. art. 974a-3, Acts 1985, 69th Leg., ch. 568, at 4427 (title to H.B. No. 2370). You challenge this title's adequacy because it "does not refer to cities' extraterritorial jurisdiction. . . ." The text of the statute does refer to cities' extraterritorial jurisdiction.

On the basis of the authorities cited above, we conclude that the subject of chapter 568 is adequately expressed within its title. The title does not, as you seem to suggest, restrict its applicability to the limits of a city's normal governance, but rather merely describes the subject as being the filing of plats in certain cities. Hence, the title's sufficiency is not defeated by the maxim that mention of one thing excludes another which caused the invalidation of the act at issue in Sutherland, supra. Since extraterritorial jurisdiction is inextricably related to platting of subdivisions in cities, see, e.g., V.T.C.S. arts. 970a, 974a, the title of chapter 568 is covered by the following standard as stated in the Hayman case:

> Our courts have upheld the validity of statutes which state in general terms a subject within the body of the act which is germane to the general

> subject stated in the title of the act.  <u>Doeppen-schmidt v. I. & G. N. R. Co.</u>, 100 Tex. 532, 101 S.W. 1080 (1907); <u>Consolidated Underwriters v. Kirby Lumber Co.</u>, Tex. Com. App., 267 S.W. 703 (opinion adopted 1943); <u>Central Education Agency v. Ind. School Dist. of El Paso</u>, 152 Tex. 56, 254 S.W.2d 357 (1953).

<u>C. Hayman Construction Company v. American Indemnity Company</u>, 471 S.W.2d 564, 566 (Tex. 1971).

## S U M M A R Y

The title of chapter 568, Acts 1985, 69th Leg., ch. 568, is not violative of section 35 of article III of the Texas Constitution.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Colin J. Carl
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk