MOORE et al. v. COMMISSIONERS' COURT OF TITUS COUNTY. (No. 1749.)

(Court of Civil Appeals of Texas. Texarkana. March 1, 1917. Rehearing Denied March 8, 1917.)

ELECTIONS ☞280 — CONTESTS — SERVICE OF NOTICE.

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 3151, 3078, requiring notice of election contests and service thereof on the county attorney, such notice and service are jurisdictional, and, not being for the personal benefit of the county attorney, may not be waived by him; the statutory mode of contesting the election being exclusive of all others.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 264.]

Appeal from District Court, Titus County; J. A. Ward, Judge.

Election contest by J. A. Moore and others against the Commissioners' Court of Titus County. Judgment for defendants, and contestants appeal. Affirmed.

S. F. Caldwell, of Austin, for appellants. Geo. M. Rolston and J. M. Burford, both of Mt. Pleasant, for appellees.

LEVY, J. The proceeding is to contest an election held in justice precinct No. 3 of Titus county for the purpose of preventing the running at large of hogs, sheep, and goats in said precinct. The court sustained a general demurrer to the petition, and the appeal is to review the ruling of the court in that respect.

The petition alleged that the county attorney had agreed that a notice of the contest need not be given to him by the contestants and had agreed to waive such notice and service thereof upon him. The petition does not undertake to allege that a written statement of the grounds of the contest had been served upon the county attorney of the county. The statute requires the giving of notice of the contest (article 3151, Vernon's Sayles' Statutes), and requires that the county attorney in this character of proceeding "shall be served with notice and statement" (article 3078, Vernon's Sayles' Statutes). The giving and serving of the notice required by the statute is not for the benefit of the county attorney and peculiarly personal to him, who is merely a formal party to such proceeding. The giving and serving of the notice prescribed by the statute is the prerequisite to the jurisdiction of the district court. Cauthron v. Murphy, 61 Tex. Civ. App. 462, 130 S. W. 671. A specific mode of contesting an election having been prescribed by the statute, that particular mode alone can be resorted to; it is exclusive of every other mode. And this particular proceeding is not a contest as between two persons, so as to authorize and warrant the county attorney to waive a statutory procedure essentially involving jurisdiction of the district court.

It is believed the court did not err in sustaining the demurrer, and the judgment is affirmed.