**HAYTER et al. v. BAKER, Mayor.**
(No. 1511.)

Court of Civil Appeals of Texas. Beaumont. March 16, 1927.

Elections ⬤⟞274—In suit contesting election to determine whether city should sell power plant, mayor held proper contestee, though county attorney was available (Rev. St. 1925, arts. 3069, 3070).

Under Rev. St. 1925, art. 3069, providing for contesting elections other than elections of officers in district court, and article 3070, providing that "in any case provided for in the preceding article, the county attorney of the county, or if there is no county attorney, the district attorney of the district, or the mayor of the city, town or village * * *" shall be made the contestee, held, that in suit to contest election to determine whether city should sell power plant, mayor held properly served, as contestee, though county attorney was available.

Appeal from District Court, Nacogdoches County; C. A. Hodges, Judge.

Suit by S. B. Hayter and others against W. I. Baker, Mayor of the City of Nacogdoches, contesting an election. From an order sustaining contestee's plea to the jurisdiction, the contestants appeal. Reversed and remanded.

S. M. Adams and S. W. Blount, both of Nacogdoches, for appellants.

V. E. Middlebrook, of Nacogdoches, for appellee.

HIGHTOWER, C. J. This suit was filed in the district court of Nacogdoches county on June 10, 1926, by the appellants S. B. Hayter et al., who allege in their petition that they are resident citizens of the city of Nacogdoches, Tex., and qualified voters in that city, against W. I. Baker, as mayor of the city of Nacogdoches, for the purpose of contesting the declared result of an election held in the city of Nacogdoches on May 6, 1926, with a view to determining, by the vote of the citizens of the city of Nacogdoches, whether or not the city of Nacogdoches should sell its electric power plant.

Appellants' petition alleged that their notice of contest of this election and their statement of the grounds for the contest were duly and seasonably served upon W. I. Baker, the contestee, as the mayor of the city of Nacogdoches, and that thereafter their petition, showing the grounds of contest, was duly and seasonably filed in the district court of Nacogdoches county. A number of grounds for the contest are alleged in the petition, but, in view of the disposition that was made of the case below and the disposition we shall make of it here, it is unnecessary to state any of the grounds of contest alleged by appellants.

In due time after appellants' petition was filed, citation was regularly issued to W. I. Baker, as the mayor of the city of Nacogdoches, requiring him to make answer to the petition. Thereafter, and in due time, there was filed in the district court of Nacogdoches county what purports to be the answer of W. I. Baker, as mayor of the city of Nacogdoches, and this answer is signed by certain attorneys, who purport to act in filing the answer as attorneys for the contestee, Baker, in his capacity as mayor of the city of Nacogdoches. The answer contained a plea to the jurisdiction of the district court, a general demurrer, many special exceptions, a general denial, and other defensive matters not necessary to mention here.

When the case was reached for trial, attorneys for the contestee presented and urged their plea to the jurisdiction of the trial court, which was based on the ground that appellants had not served the county attorney of Nacogdoches county with notice of their contest, and had not delivered to him a statement of the grounds upon which the contest would be made, but, on the contrary, that appellants were undertaking to maintain this contest by showing in their petition that they had served their notice of contest on W. I. Baker, as the mayor of the city of Nacogdoches, and had delivered to him their statement of the grounds of their contest; all of which, as contended by counsel for contestee, was insufficient to confer jurisdiction upon the district court of Nacogdoches county to entertain this suit. After argument of counsel upon the plea to the jurisdiction, the trial court sustained the plea and ordered this suit dismissed, and it is from that order that this appeal is prosecuted.

It is the contention of counsel for contestee that the contestants, in order to maintain this suit, were required to show in their petition that they had served a notice of their contest and a statement of their grounds of contest upon the county attorney of Nacogdoches county within the time prescribed by statute, and that, since appellants' petition showed upon its face that there was no notice of contest served upon the county attorney or grounds of contest delivered to him, the court had no authority to entertain this suit. In support of this contention, counsel for contestee invoke article 3070, Revised Civil Statutes 1925. It is our opinion that counsel for contestee are wrong in this contention. When article 3070 is construed in connection with article 3069, next preceding it, it is clear

---

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to us that the mayor of the city of Nacogdoches was the proper one to be served with the notice of contest and statement of the grounds of the contest in this case, and that he was properly made the defendant for the purposes of this contest. Counsel for neither side have presented any decision from any of our appellate courts touching the particular point here involved, nor have we been able to find any, and therefore a decision of the point must rest upon a construction of articles 3069 and 3070.

Article 3069 reads as follows:

"If the contest be for the validity of an election held for any other purpose than the election of an officer or officers in any county or part of a county or precinct of a county, or in any incorporated city, town or village, any resident of such county, precinct, city, town or village, or any number of such residents, may contest such election in the district court of such county in the same manner and under the same rules, as far as applicable, as are prescribed in this chapter for contesting the validity of an election for a county office."

Article 3070 is as follows:

"In any case provided for in the preceding article, the county attorney of the county, or if there is no county attorney, the district attorney of the district, or the mayor of the city, town or village, or the officer who declared the official result of said election, or one of them, as the case may be, shall be made the contestee, and shall be served with notice and statement, and shall file his reply thereto as in the case of a contest for office; but in no case shall the costs of such contest be adjudged against such contestee, or against the county, city, town or village which they may represent, nor shall such contestee be required to give any bond upon an appeal."

Able counsel for appellee in their effort to uphold this judgment contend, in substance, that it was clearly the intention of the Legislature, in enacting article 3070, supra, to require that the notice of contest and statement of the grounds of contest in an election of this character should be served upon the county attorney of the county in which the city holding the election is located, and that, as long as there is a county attorney available, the notice of contest and statement of grounds of contest could not lawfully be served upon any one else. They argue, in substance, that the Legislature intended that the notice of contest and statement of the grounds of contest should be served upon the county attorney, because that officer was thought by the Legislature to be the best qualified officer to defend such a suit; that that officer would least likely have any personal interest in such a suit; that that officer is supposed to be generally well known to the people and easily accessible to them. These are the main reasons advanced by counsel for contestee as to why the Legislature intended that the county attorney should be

served and made the defendant in a contest of this character.

On the other hand, counsel for appellants contend that, since the county attorney could be in no manner connected with the city affairs of the city of Nacogdoches, and since he can in no way represent the city in its city affairs, by virtue of his office as county attorney, it cannot be reasonably presumed that the Legislature intended that the county attorney should be made the contestee in an election held by the city of Nacogdoches touching purely city matters and not pertaining to the election of an officer. They contend and urge that the mayor of the city of Nacogdoches, being the chief executive officer of the municipal corporation, could with more reason be designated by the Legislature as the proper person to be made the contestee and to protect the interest of the city in a contest of this character relating to city affairs exclusively.

We have taken this view of the matter and agree with counsel for appellants that the mayor of the city of Nacogdoches was properly served with notice of this contest and was properly made the contestee and the defendant in this suit. It follows from this conclusion that the trial court was in error in sustaining the plea to the jurisdiction and dismissing the suit, and for that error the judgment must be reversed and the cause remanded.

As we have stated above, the answer of contestee presented a general demurrer and many special exceptions, but since none of these were passed upon by the trial court, and since the points raised by them have not been briefed by counsel in this cause, we shall not undertake to pass upon any of them.

There is another matter presented by appellants for which they contend the judgment of the trial court should be reversed, which is this: As we have stated above, there is an answer in this record purporting to be filed by attorneys for the contestee, but before the trial appellants filed and presented a motion to the trial judge praying that this purported answer of contestee be stricken out, on the ground that its filing was not authorized by the contestee, and that the attorneys who purport to act for him in filing the answer were not his attorneys and were not authorized or requested by him to file any answer for him as contestee in this case. The court heard this motion and overruled it. We have serious doubts of the sufficiency of the evidence touching this motion to sustain the ruling of the trial court, but shall not determine that matter, since the case must go back for a trial on the merits and there will probably be other evidence touching this issue of fact; that is as to whether the contestee authorized the attorneys who purport to act for him to file his answer in this case. In this connection we might say that the contestee, even if the attorneys who

purport to act for him in filing the answer were in fact authorized by him to file it in the first instance nevertheless, he would have the right, if he saw fit to do so, to discharge his attorneys and to procure others of his own selection. This is as much as we wish to say in this connection.

There is another proposition advanced by counsel for appellants, under which they contend that the judgment should be reversed, but we have concluded that this contention is not tenable, and it is overruled.

It is ordered that the judgment of the trial court be reversed, and that the cause be remanded to that court.