# JANUARY, 1928

S. E. HOOKER ET AL. v. GUY FOSTER ET AL.

No. 4947. Decided January 4, 1928.
(1 S. W., 2d Series, 276).

*T. P. Buffington,* for appellants.

Under the law notice of contest of elections held to determine whether or not a certain maintenance tax shall be levied may be served on the officer or officers declaring the official result. In this cause notice was so served within the time prescribed by law. Cyc., Vol. 29, p. 1502, and authorities there cited; Century Dictionary; Worcester's Dictionary; Kincannon v. Mills, 275 S. W., 1083; Art. 3069, 3070, Vernon's Ann. Texas Stats.

*Haynes Shannon* and *Ben H. Powell,* for appellees.

In all election contests, save and except a contest for office, the County Attorney of the county, if there is a County Attorney, must be made the contestee; and unless the County Attorney is made the contestee, the trial court is without jurisdiction to hear and determine the contest. Rev. Stats., Arts. 3069, 3070; Moore v. Comrs. Court of Titus County, 192 S. W., 805; Barker v. Wilson, 205 S. W., 543.

Mr. Judge SPEER delivered the opinion of the Commission of Appeals, Section B.

The Court of Civil Appeals for the Sixth District has certified to the Supreme Court for answer the questions shown in the following certificate:

"In the above cause pending before this court we deem it advisable to certify to Your Honors the questions hereinafter specifically set forth. We are inclined to interpret Art. 3070, Revised Statutes, as providing for the ready joinder of defendant contestees in case only there is no County or District Attorney of the county. In other words, that the purpose of the enactment was to prevent failure of right of contest through the lack of a defendant contestee and the service of notice in case there is no County or District Attorney of the county timely available upon whom to serve notice of the contest during the period of thirty days from the declared election

(Arts. 4042–3, Rev. Stats.). The construction of the article given in the case of Hayter v. Baker, Mayor, 293 S. W., 331, may be in conflict with this view unless contested elections solely upon matters peculiar to towns and cities were intended to be separated from county elections.

1.

"This is a contest of an election held in the Shiro Independent School District of Grimes County on September 28, 1926, to determine whether or not an additional maintenance tax should be levied in that district. The contestants are resident taxpaying voters of the county and of the school district. The official result of the election was declared September 30, 1926, by the board of trustees of the Shiro Independent School District, which was the returning board and which consisted of appellees, all named as contestees in this cause. Notice of the contest was duly and timely served on October 20, 1926, upon the contestees, and the present contest was timely filed in the District Court on October 29, 1926. The notice so served was filed as a part of the pleading in the contest. On October 29, 1926, the contestees filed their reply to the grounds of contest, denying each item of the grounds of contest and specially demurring to the contestants' right to contest because notice had not been served on the County Attorney of Grimes County. The County Attorney was not made a party contestee, and no notice was served on him of the contest. There was a County Attorney of Grimes County at the time, and he was available to be served with timely notice of this contest. On February 18, 1927, at a regular term of court, the contest coming on to be heard, the court sustained the plea of contestees that it was without jurisdiction to hear and determine the contest because the County Attorney had not been made a party contestee and notice had not been served on him. The contest was accordingly ordered dismissed, and to this ruling of the court the contestants timely excepted and have appealed to have the ruling reviewed. The only question presented for our decision is that of which was the necessary party to be named as contestee and served with the required notice in suit to contest the election, the County Attorney or the 'officer who declared the result of said election?' Such parties were both timely available for the purpose. And it does not appear that the district was the independent school district of a town or city, if that fact be material to the application of the statute to the present action.

2.

"Question 1. Did the court err in dismissing the action because the County Attorney was not named and served with notice as the contestee?

"Question 2. Did the court have jurisdiction to entertain and determine the contest on its merits, the officers who declared the result of the election being named and timely served with notice as contestees of the contest?

"The construction of Art. 3070, Revised Statutes, is involved, and asked in the questions. Attention is called to the cases of Hayter v. Baker, Mayor, 293 S. W., 351; Barker v. Wilson, 205 S. W., 543."

Art. 3069 of Vernon's Ann. Texas Stats., concerning contested elections, provides:

"If the contest be for the validity of an election held for any other purpose than the election of an officer or officers in any county or part of a county or precinct of a county, or in any incorporated city, town or village, any resident of such county, precinct, city, town or village, or any number of such residents, may contest such election in the District Court of such county in the same manner and under the same rules, as far as applicable, as are prescribed in this chapter for contesting the validity of an election for a county office."

The succeeding Article (3070) declares:

"In any case provided for in the preceding article, the County Attorney of the county, or if there is no County Attorney, the District Attorney of the district, or the mayor of the city, town or village, or the officer who declared the official result of said election, or one of them, as the case may be, shall be made the contestee, and shall be served with notice and statement, and shall file his reply thereto as in the case of a contest for office," etc.

The latter article makes the contestee to depend upon the nature of the contest—that is, whether the same be held in any county or part of a county or precinct of a county, or in any incorporated city, town or village. It clearly contemplates that, according to this classification, the contestee shall be one of those named in the statute who is peculiarly concerned with the proceeding. The language of Art. 3070, "as the case may be," can have no other significance. But for these words, in any case of a contest, any one of the persons named in the statute could be made the contestee, for they are all used in the alternative with no preference whatever indicated. It stands to reason that in a contest of an election held throughout a

county, or even a part of the county or a precinct of the county, wherein the County Attorney is made the legal advisor of the county, part or precinct, that such officer could be named as contestee, for he is legally concerned with the proceeding. For precisely the same reason, if the contest be of an election held within an incorporated city, town or village, then the mayor could be named as contestee, and it is to these two classes of contests the words "as the case may be" have pertinent reference.

In every contest, whether of a county election, part of a county, precinct, incorporated city, town or village, there is necessarily an officer or board who declared the official result of said election, which officer or board would be concerned in the proceeding and for whose naming as contestee there exists every apparent reason that could exist for the naming of the County Attorney or the mayor, "as the case may be." We think a proper interpretation of the statute providing for contestees is, that in contests involving an election for a county, or for a part of a county or a precinct where the law imposes upon the County Attorney the duty of legal advisor, the County Attorney (or in case there is no County Attorney, the District Attorney for the district) would be a proper contestee; that in a contest proceeding of an election held in any incorporated city, town or village, the mayor would be a proper contestee; and further, that in any contest of the classes named "the officer who declared the official result of said election, or one of them," may be named as contestee. This interpretation accords with the manifest intention of the Legislature and gives effect to every part of the statute without doing violence to any other part thereof.

The decision of the Court of Civil Appeals in Hayter v. Baker, 293 S. W., 331, referred to in the certificate, is in accordance with the views here expressed; and that of Barker v. Wilson, 205 S. W., 543, by the Court of Civil Appeals for the Third District, also referred to in the certificate, was evidently decided right on the facts, for there no one whatever was served with notice and statement, as contestee, as required by the statute.

So that, the questions certified should both be answered in the affirmative.

The opinion of the Commission of Appeals answering the certified questions is adopted, and ordered certified.

*C. M. Cureton,* Chief Justice.