**RISTER et al. v. PLOWMAN et al.**
**No. 1727.**

Court of Civil Appeals of Texas. Eastland.
Oct. 30, 1936.

Cox & Hayden, of Abilene, for appellants.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, for appellees.

GRISSOM, Justice.

Rister et al., as trustees of the Hillside Common School District No. 44 in Taylor county, Tex. (for themselves and for the use and benefit of said school district, and for its patrons and taxpayers and all persons residing in the district), filed this suit against Plowman et al., as trustees of the Butterfield School District, and against the county school board of Taylor county, contesting an election for the consolidation of said districts, and praying for an injunction.

The named contestees filed their original answer consisting of a general demurrer, special exception (in which it was alleged the petition "is wholly insufficient to require them to answer, or to confer jurisdiction on this Court"), general and special denials. After filing such answer, contestees filed a motion to dissolve an injunction theretofore granted, which motion was heard and sustained.

Thereafter, contestees filed their first amended original answer and plea to the jurisdiction, in which the jurisdiction of the court was challenged because the statutory notice of contest was not given, and none of the parties designated by statute as contestees were made parties defendant. The court sustained contestees' plea to the jurisdiction and dismissed the case.

This is a contest of an election held for a purpose other than the election of an officer, as provided for by article 3069, R.S.1925. Upon the trial it was agreed that Hon. Esco Walter was county attorney of Taylor county, and "was available for notice at all times"; that Hillside and Butterfield Districts were common school districts at the time of the election. Article 3070, R.S.1925 requires that in such an election contest either the county attorney or the officer who declares the official result of the election (who, in this case, was the commissioners' court, article 2806 [as amended by Acts 1931, c. 106, § 1, Vernon's Ann.Civ.St. art. 2806]) "shall be made the contestee, and shall be served with notice and statement." Article 3042 requires service of such notice and statement within 30 days after the return day of the election.

It has been held that the contest of such an election is governed by articles 3041 to 3075, and that said articles provide the only method for contesting such an election. It has also been decided that the provision for service of notice and statement on the statutory contestee within 30 days from the return day of the election is mandatory and jurisdictional and that in the absence of same the court is without jurisdiction to hear and determine the contest. Thurston v. Thomas (Tex.Civ.App.) 7 S.W.(2d) 105; Treaccar v. City of Galveston (Tex. Civ.App.) 28 S.W.(2d) 276; Gates v. Hays (Tex.Civ.App.) 95 S.W.(2d) 1020; 16 Tex.Jur., § 122, 123, p. 154, et seq.

The petition did not make either the county attorney or the commissioners' court a party defendant or contestee, as required by statute, nor did it contain allegations that notice and statement had been served on such statutory contestee. Such failure, we think, constituted fatal defects to such a petition and did not confer jurisdiction upon the district court to determine the contest.

But appellants (plaintiffs or contestants in the trial court) forcefully contend that by pleading to the merits before filing their plea to the jurisdiction, the appellees violated the provisions of article 2012, and thereby waived its plea to the jurisdiction.

The real question here presented is: Have contestees by failure to plead in due order conferred upon the district court authority which it did not otherwise possess to try an election contest? We think it clear that contestees could not do so. Contestees could not by consent or waiver confer jurisdiction. The jurisdiction of the district court conferred by Constitution and statutes to determine such an election contest is made dependent and contingent upon service of the notice and statement required by statute upon the statutory contestee within the time re-

quired by statute. In the absence of these essentials the court had no authority or jurisdiction to inquire into the validity of the election. Compliance with said statutory provisions is prerequisite to jurisdiction to determine an election contest. Barker v. Wilson (Tex.Civ.App.) 205 S.W. 543; Cauthron v. Murphy, 61 Tex.Civ.App. 462, 130 S.W. 671; Bassel v. Shanklin (Tex.Civ.App.) 183 S.W. 105.

We think the lack of jurisdiction, when said statutory requirements have not been complied with, is comparable to the lack of jurisdiction in the district court to try an appeal from a decision of the Industrial Accident Board, in a workmen's compensation case, where notice of appeal has not been given and suit has not been brought in the district court to set aside the award of the Industrial Accident Board within the statutory period.

We think appellees correctly contend that this suit, being an election contest, is governed by special statutes, and plaintiffs' pleadings having shown that the statutory contestee was not made a party defendant and failing to show service of notice and statement of the contest, the court was without jurisdiction, and the trial court correctly dismissed the case.

Appellants' assignments of error are overruled, and the judgment of the district court is affirmed.