BAHN et al. v. SAVAGE et al. *

No. 10551.

Court of Civil Appeals of Texas. San Antonio.

Sept. 28, 1938.

Rehearing Denied Nov. 2, 1938.

Butler & Grimes, of Robstown, for appellants.

Sidney P. Chandler, of Corpus Christi, for appellees.

SMITH, Chief Justice.

This proceeding is an attempted contest of an election held in the Driscoll Consolidated Independent School District of Nueces County to authorize the issuance and sale of the bonds of the District for the purpose of constructing school buildings. The District Board of Trustees canvassed the returns of the election and declared the proposition carried by a majority vote. Lewis Bahn and others, authorized thereunto by the statute, brought the contest naming the County Attorney, District Trustees and officers, and election officials, as contestees. When the cause came on for trial before Hon. Allen V. Davis, sitting as special district judge, it was dismissed for want of jurisdiction upon contestees' plea in abatement, on the ground that the contestees had not been served with notice of contestants' intention to contest, and statement of the grounds of contest, in the manner prescribed by statute. Arts. 3042 and 3044, R.S.1925. It was shown that service was had upon those named as contestees, with three exceptions, by sending them copies of the required notice and statement, by registered mail, through which medium the papers were actually delivered to and received by the addressees. One of the school trustees did not receive the papers, copies of which, addressed to him, were duly mailed. And two contestees, not having been shown to be trustees at the time, or proper contestees, were served in person, in the manner provided by statute. By this process we approach the controlling question of the sufficiency of that service in a contest of an election held for the public purpose of authorizing the issuance of the bonds of a school district. It is provided by Art. 3042 and Art. 3044, as follows:

"Art. 3042. Notice of contest.—Any person intending to contest the election of any one holding a certificate of election for any office mentioned in this law, shall, within thirty days after the return day of election, give him a notice thereof in writing and deliver to him, his agent or attorney, a written statement of the ground on which such contestant relies to sustain such contest. By the 'return day' is meant the day on which the votes cast in said election are counted and the official result thereof declared."

"Art. 3044. Service of notice.—The notice, statement and reply required by the two preceding articles may and shall be served by any person competent to testify, and shall be served by delivering the same to the party for whom they are intended in person, if he can be found in the county, if not found, then upon the agent or attorney of such person, or by leaving the same with some person over the age of sixteen years at the usual place of abode or business of such person."

It is further provided that, in cases of this character, any resident, or residents, of the political subdivision involved may contest the election in the manner provided for contesting an election for county office. Art. 3069.

■■ And that in such case the county attorney, or if none, then the district attorney, or "the officer who declared the official result of said election; or one of them," shall be made the contestee, upon whom notice of intention to contest, and statement of grounds thereof, shall be served. Art. 3070. Under that provision only the county attorney and the members of the district board of trustees in office at the time of filing the contest and service of notice thereof, were proper parties contestee. All of those proper contestees were so named, and all of them were served with notice only through the mail, except one trustee, who was not served at all. It is therefore immaterial to this appeal whether any of the others named as contestees were served, or how they were served. Their presence in the contest, and their action or non-action in the proceeding could have no effect upon the rights or status of the district therein.

It appears that two of those named as contestees, and only two of them, were served, in person, with the requisite notice and statement, in the manner prescribed by statute, but as it does not further appear that either of them was a proper contestee, and does appear that both of them were consorting with and aiding and abetting the contestants in their assault upon the validity of the election, proper service upon them did not affect the question of jurisdiction over the contest.

The question recurs, then, upon the contention of contestees that the jurisdiction of the contest was not conferred upon the district court by service of notice thereof through the medium of the United States mail, in lieu of personal service in the mode prescribed by the statute.

■ We have reached the conclusion that the service by mail did not satisfy the plain and unequivocal provisions of the statute. The matter seriously affects the public interest, requiring strict compliance with the prescribed procedure, which is purely statutory, and the courts are not authorized to lightly break down the barriers plainly erected by the legislature against nullification of the will of the people when voiced at the polls.

■ The Legislature provided that service of the requisite notice upon the contestees in such cases shall be in person and made by a person competent to testify. There is no proviso that the notice may, as an alternative, be delivered through the mails. It must be presumed that if the Legislature had intended that such alternative could be resorted to as a substitute for the method of personal service prescribed by them, they would have expressed that intention, as they have done in numerous other familiar cases where service by mail has been expressly authorized. The Legislature has prescribed a specific method of personal service in contests of this character, thereby excluding other methods, particularly the impersonal method resorted to in this case. In short, the real contestee in this proceeding, the School District, was entitled to notice of the impending contest, and of the grounds therefor, upon the very officials, in the very manner, and by the very method prescribed by the statute authorizing the contest, and it is the duty of the courts to protect and enforce that right so plainly vouchsafed by law. The case is not one between individual citizens who by their conduct may waive service or the method thereof, or estop themselves from questioning the validity of service. Service in accordance with the one mode prescribed by statute is jurisdictional in this character

of proceeding, and cannot be waived, nor can the district be estopped from asserting the invalidity of insufficient service. We hold that the record affirmatively shows insufficient service upon the contestees, and the fact that they actually received'copies of the notice and grounds of contest through the United States mail, and filed answers below, did not deprive the district, through its representatives, of the right to assert the insufficiency of the service and protest jurisdiction by reason thereof. 16 Tex.Jur. pp. 151, 153, §§ 121, 122; Rister v. Plowman, Tex.Civ.App., 98 S.W.2d 264; Adamson v. Connally, Tex.Civ.App., 112 S. W.2d 287; Moore v. Commissioners' Court, Tex.Civ.App., 192 S.W. 805; Garitty v. Halbert, Tex.Civ.App., 235 S.W. 231; Treaccar v. City of Galveston, Tex.Civ. App., 28 S.W.2d 276; McGhee v. Maxey, Tex.Civ.App., 230 S.W. 735; Doak v. Biggs, Tex.Civ.App., 235 S.W. 957; Barker v. Wilson, Tex.Civ.App., 205 S.W. 543; Bassel v. Shanklin, Tex.Civ.App., 183 S. W. 105.

Contestants contend that because all the contestees did not join in the plea in abatement, that plea should have been overruled. It appears that numerous persons, besides those designated by statute as proper contestees, were named by contestants as contestees. Those unnecessary parties so named as contestees, as well as one of the school trustees, who was properly impleaded as contestee, did not join in the plea in abatement or file answers, and contestants contend that because those named did not answer or join in the plea, they were not bound by that plea, and should have been permitted to prosecute the contest. We overrule this contention. The contestees, whether or not properly joined as such in the contest, could not by their conduct waive the statutory requirement of notice, or estop the district or its representatives from setting up failure of notice in abatement of the contest. Only the district trustees were necessary parties contestee, and none of those in office at the time of service were properly served. It does not matter how the others named were served, or whether they were served at all, since service upon them could not confer jurisdiction of the contest, upon the district court. Hooker v. Foster, 117 Tex. 237, 1 S.W.2d 276.

Contestants question the validity of the election of the special judge who heard the contest below, upon the ground that he was elected by viva voce vote, instead of by ballot, as provided in Art. 1888, R.S.1925. The record shows, affirmatively, that the attorneys for the parties contestant and contestee were present and participated in the election of Judge Davis, and that he was elected by acclamation by the affirmative vote of every attorney present at the election, and no objection to his sitting in this case was made below by contestants. It is expressly provided by statute that substantial compliance with its provision is sufficient (Art. 1892), and we conclude that the prescribed method of voting was substantially complied with in this case, and, in every disclosed event, contestants are not in a position to complain at this late day.

The judgment is affirmed.

### On Motion for Rehearing.

Contestants urge in their motion for rehearing that service upon C. W. Beatty, impleaded as one of the contestees, was sufficient to give the trial court jurisdiction over the contest. We overrule the contention, not only for reasons given in the original opinion, but upon the finding of fact thereon by the trial judge, which is not questioned by assignment of error here, and upon his conclusion of law thereon, as follows:

"4. I find that within said thirty day period Contestees Jesse McCright and C. W. Beatty were each handed copies of said notice and statement in the office of attorneys (for contestants) Butler & Grimes at Robstown, Texas, the same having been handed to them by E. B. Grimes, and that thereafter copies of the same were also mailed to said McCright and Beatty by registered mail in like manner as to the other Contestees.

"5. I find that at the time and on the occasion in which copies of said notice and statement were handed to said McCright and Beatty in person at Robstown, as referred to above, said McCright and Beatty had voluntarily gone to the office of said attorneys, who had previously been employed to contest the election, for the purpose of finding out what said attorneys had done to that end; that said McCright and Beatty were interested in the side of the Contestants herein and were desirous of seeing the election successfully contested; that said McCright was not either the

County Attorney or a member of the school board that declared the result of the election; that said Beatty is claimed by the pleadings of the Contestants herein not to have been a member of such school board at the time the election was held and the results thereof declared; that said Beatty was not present at the meeting of the school board at which the results of the election were declared; that said Beatty and McCright did nothing toward defending the contest, but aided in the prosecution of the same; that said Beatty has filed herein an affidavit denying the authority of Sidney P. Chandler to represent him, said Sidney P. Chandler being the only attorney in any way defending this suit or contest, and said Beatty though assisting in the efforts of Contestants herein to strike the plea in abatement on the ground that said Sidney P. Chandler was without authority, did not appear in person nor by attorney nor do anything apparent to defend this contest.

"6. I find that in the affidavit of service of said notice and statement filed herein by the attorneys for Contestants, no reference was made to any service other than by registered mail and no return of any kind was filed herein showing service in person of the notice and statement upon said McCright and Beatty nor any of the other Contestees herein.

### "Conclusions of Law

"I Conclude: * * *

"IV. I conclude that, under the facts and circumstances surrounding the handling of a copy of such notice and statement to C. W. Beatty and in view of the fact that said Beatty was in sympathy with and cooperating with the Contestants to the extent of denying the authority of the only attorney who answered in the suit, and that said Beatty was not present when the result of the election was declared and is alleged by Contestants not to have been a member of the School board, and Contestants not having offered any proof tending to show that he was a member of the school board and did not include in their proof of service filed herein any statement that said Beatty and McCright were served other than by registered mail, the handling of a copy of said notice and statement to said McCright and Beatty in person as hereinabove referred to was not sufficient as a matter of law to comply with Article 3044, R.C.S. and not sufficient to constitute the beginning or commencement of the proceedings or suit to contest the election."

Contestants' motion will be overruled.