## LANDRUM et al. v. CENTENNIAL RURAL HIGH SCHOOL DIST. NO. 2 et al.

### No. 8953.

Court of Civil Appeals of Texas. Austin.

Nov. 15, 1939.

Rehearing Denied Nov. 29, 1939.

E. M. Critz, of Coleman, for appellants.
W. Marcus Weatherred, of Coleman, for appellees.

BLAIR, Justice.

This is an election contest and was instituted to test the validity of bonds voted to erect a school house in the Centennial Rural High School District in Coleman County.

No written notice of the intention to contest the election and no written statement of the grounds of contest were served upon the school district or any of its trustees within 30 days after the return day of such election, as required by Art. 3042, R. S.1925, and the trial court dismissed the cause for want of jurisdiction. The election was held, the votes cast and counted, and the official results declared on March 18, 1939. This contest was filed April 5, 1939, and citation was served on three of the trustees April 18, 1939, and on the remainder, including the president of the board of trustees, on April 19, 1939; and if such service be regarded, which the authorities hold that it cannot be, as notice of intention to contest, then the trustees and the district itself were served with same more than 30 days after the return date of said election, on March 18, 1939.

The rule of law applicable is well stated in 16 Tex.Jur., § 123, p. 157, as follows:

"The notice of intention and the statement of grounds of contest must be served within thirty days after the return day of election. By 'return day' is meant the day on which the votes cast are counted and the official result is declared. The statute in this respect is mandatory and cannot be waived. And, unless such notice and statement are served within the prescribed time, the court has no jurisdiction to investigate the validity or effect of the election, or to entertain the contest."

Appellants, the contestants, contend, however, that: (1) because the contestants' petition came into the hands of the trustees of the school district and their attorney within 23 days after the date of the election; and (2) because the attorney for contestees secured a copy of the petition and filed an answer for contestees within 30 days after the return day of the election, and appeared in court and demanded trial of the cause, the contestees thereby waived notice of intention to contest and a written statement of the grounds of contest.

The rule is settled that the statute requiring both notice of contest and statement of grounds of contest of an election is mandatory and jurisdictional, and that no other service than that specified will suffice to give the court jurisdiction to entertain the contest or suit; and being jurisdictional cannot be waived. The rule is likewise settled that the filing of an answer by contestees does not amount to a waiver of the notice of intention to contest and statement of grounds of contest on contestees within the time prescribed by the statute. 16 Tex.Jur., §§ 121, 122, and 123, pp. 151–158, and cases there cited. See particularly Bahn v. Savage, Tex.Civ. App., 120 S.W.2d 644; Hooker v. Foster, 117 Tex. 237, 1 S.W.2d 276; Treaccar v. Galveston, Tex.Civ.App., 28 S.W.2d 276;

Norton v. Alexander, 28 Tex.Civ.App. 466, 67 S.W. 787; Thurston v. Thomas, Tex. Civ.App., 7 S.W.2d 105; Rister v. Plowman, Tex.Civ.App., 98 S.W.2d 264; Barker v. Wilson, Tex.Civ.App., 205 S.W. 543; Garitty v. Halbert, Tex.Civ.App., 235 S. W. 231. The mere fact that the attorney for the trustees, or the trustees obtained a copy of the petition setting forth the grounds of contest will not suffice as written notice of contestants' notice of their intention to contest the election. Barker v. Wilson, supra. In the instant case, contestants neither delivered contestees a copy of their petition setting forth the grounds of contest, nor did they give contestees any written notice of their intention to contest the election within 30 days after the result of the election was declared.

 The election was ordered by the trustees of the said district, and was held, the returns canvassed, the results declared and certified in accordance with the law governing bond elections held in independent school districts. Appellants, the contestants, contend that the Act of November 3, 1937, being Chap. 40, Acts 45th Leg., Second Called Session, p. 1923, Art. 2922l, R.S.1925, Vernon's Ann.Civ.St. art. 2922l, provides that the bond election shall be held as in common school districts; and that the county judge must order the election and the Commissioners' Court must canvass the returns and declare the results. The trial court held that said Act of November 3, 1937, was unconstitutional and void because of a defective caption; and further held that the Acts of 1927, 40th Leg., First Called Session, p. 206 (Art. 2922l, appearing in R.S. of 1925, as amended by Acts of 1927), provide that the election should be held in accordance with the law governing bond elections in independent school districts. We sustain the action of the trial court.

The rural high school act was first passed in 1925, c. 59; and Sec. 12 was placed in the R.S. of 1925 as Art. 2922l and provides that rural high school districts may vote bonds in accordance with the laws governing common school districts. By the 1927 amendment, most of the provisions of the Acts of 1925 were amended; and Art. 2922l, appearing in R.S. of 1925, was amended so as to provide that bond elections in rural high school districts should be held in accordance with the laws governing independent school districts. Then came the Act of 1937, supra,

which in bold type was entitled: "Forbidding Appointment Of Tax Officials In School Districts In Certain Counties." And the entire caption read as follows:

"An Act amending Section 12 of Chapter 59, of the Acts of the Thirty-ninth Legislature, so as to provide that in certain counties having a population according to the last preceding Federal Census of not less than eight thousand, five hundred (8,-500) and not' more than eight thousand, seven hundred (8,700) rural high school districts formed by the grouping of common school districts shall not have the authority to appoint a tax assessor, board of equalization, nor tax collector; and declaring an emergency."

In the main the body of the Act was in the language of Sec. 12 (Art. 2922l, as appearing in the R.S. of 1925), but left out some of the provisions with reference to previous taxes of the district, and was made to read as follows, the language in parentheses showing omitted part:

"And which election shall be held in accordance with the law now governing such elections in common school districts (provided that the local taxes previously authorized by a district), or districts included in a rural high school district or annexed to a common or independent school district, as provided for herein, shall be continued in force until such time as a uniform district or said common or independent district as enlarged by the annexation of the said common school districts thereto."

 From the statement of the purpose of the Act and its caption it clearly appears that the Act was intended to thereafter only forbid the appointment of a special tax assessor, board of equalization, and tax collector in certain counties, and to require that such matters should be attended to by the county tax collector as in common school districts. To accomplish this sole purpose the author tried to copy in the body of the Act Art. 2922l, appearing in the R.S.1925, as originally passed, and notwithstanding the fact that said article had been amended by the Acts of 1927. Other than to do away with special assessors, etc., in counties having a population of from 8500 to 8700, the caption made no mention of any other amendment of Sec. 12. Coleman County has a greater population than 8700. The amendment is therefore nothing more than an amenda-

tory act, which must be limited to the purpose or subject stated in its title or caption; and as to any subject or matter included in the body but not mentioned in the caption, the Act is void under Sec. 35 of Art. 3 of the Constitution, Vernon's Ann. St., which reads, in part, as follows:

"No bill * * * shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

 Since the title or caption of the 1937 Act declared that the legislature intended to amend Sec. 12 of the 1925 Act so as to prohibit special tax assessors, equalization boards, and tax collectors in certain counties, it cannot affect counties not included, and is invalid as not embracing subject in its title, so far as the body of the Act changed the method of holding school bond elections from the method prescribed in the 1927 Act. No rule is better established than the one that where a title or caption of an act specifies the particular field of the amendment, and that it is to cover or state a particular purpose to make a change in a prior statute, the amendment is limited to the making of the specific change designated in its title, and precludes any additional, contrary, or different amendment than that stated in the title. Rutledge v. Atkinson, Tex.Civ.App., 101 S.W.2d 376; Walker v. State, 134 Tex. Cr.R. 500, 116 S.W.2d 1076; Sutherland v. Board of Trustees, Tex.Civ.App., 261 S.W. 489.

Appellants also complain of the action of the Judge of the 35th District Court transferring this cause to the 119th District Court, and of the action of the Judge of the 119th District Court in refusing to retransfer the cause back to the 35th District Court.

Coleman County has two district courts of concurrent jurisdiction. Appellant filed this suit in the 35th court on April 5, 1939, and issued citation returnable to the September term, 1939. A few days later appellees' counsel appeared in court and demanded a trial; to which appellants' counsel replied that he was not ready and required more time to prepare the case for trial. Appellees' counsel then filed a motion to transfer the cause to the 119th court, which convened before September, 1939; which motion was granted. When the case reached the 119th court, appellants' counsel filed a motion to retransfer it to the 35th court; which was refused.

The ground of this complaint is that the 35th court in which the case was filed "was without jurisdiction of the cause before the return day of these citations," returnable September 4, 1939.

 The statutes creating these courts fully authorize them to transfer any cause to each other. Contestees had the right to appear and demand a trial before the next term of the court. Waco Hilton Hotel Co. v. Waco Development Co., Tex. Civ.App., 75 S.W.2d 968; Radford v. Radford, Tex.Civ.App., 42 S.W.2d 1060; Hartman v. Byrd, Tex.Civ.App., 47 S.W.2d 659. And since this is a bond election contest and affects the operation of a school district, a speedy disposition should have been made of the cause. Wendover v. Tobin, Tex.Civ.App., 261 S.W. 434.

The judgment of the trial court will be affirmed.

Affirmed.