**MADDOX et al. v. COMMISSIONERS COURT OF PALO PINTO COUNTY et al.**

No. 2760.

Court of Civil Appeals of Texas. Eastland.

July 25, 1949.

Sam M. Russell, Stephenville, for appellants.

J. R. Creighton, Mineral Wells, for appellees.

PER CURIAM.

This is an election contest. Appellants, J. E. Maddox, and others, tax paying citizens of Palo Pinto County, filed this suit against the Commissioners Court of Palo Pinto County, and others, to contest a local

option election held in said County on the 12th day of March, 1949. The trial court held the election in all respects valid, and contestants have appealed.

Appellees have filed a motion to dismiss the appeal on the ground that the District Court was without jurisdiction to hear the case because no notice of intention to contest the election was given "within thirty days *after* the return day of election," as required by Art. 3042. (Italics ours.) The election was held on March 12, 1949 and the Commissioners Court canvassed the returns and declared the result on March 18th. Contestants filed this suit on March 15, 1949, three days before the result of the election was declared. Art. 666—40a, Vernon's Ann.P.C. grants the privilege to any qualified voter in the County to file a contest of such an election at any time "within thirty (30) days *after* the result * * * has been declared." (Italics ours.)

It is undisputed that contestants served notice of intention to contest the election on the contestees before the Commissioners Court canvassed and declared the results of the election. Appellants sought to contest the results of the election under the provisions of the Liquor Control Act, Art. 666—40a, Vernon's Ann.P.C. Said article of the Penal Code, as well as Article 3042 of the Civil Statutes, requires that the contest be instituted and notice given *after* the result of the election has been declared. Art. 666—40a, P.C. also contains the following:

" * * * provided further, that if no contest of said election is filed and prosecuted in the manner and within the time provided above, it shall be conclusively presumed that said election as held and the result thereof declared, are in all respects valid and binding upon all courts; * * *."

▇ The same rules apply to an election contest under the Liquor Control Act and an election contest under the general election law. See Art. 3042; Art. 3069 and Becraft v. Wright, Tex.Civ.App., 118 S.W. 2d 630.

▇ Article 3042 provides that any person intending to contest an election "shall, within thirty days *after* the return day of election," give notice in writing and deliver to the contestee a written statement of the

ground on which such contestant relies to sustain such contest. The article further provides that by "return day" is meant the "day on which the votes cast in said election are counted and the official result thereof declared." It is the settled law that the jurisdiction of the District Court in election contests is dependent upon service of the notice and statement required by statute upon the contestees within the time and in the manner required by law. In the absence of notice, served in the statutory time and manner, it has been repeatedly held that the District Court acquired no jurisdiction of such contest. Rister et al. v. Plowman et al., Tex.Civ.App., 98 S.W.2d 264.

▇▇ It was held in Gates v. Hays, Tex. Civ.App., 95 S.W.2d 1020, 1022, that a notice served on the contestee *before* the results were declared "did not meet the requirements of the statutes, and therefore the jurisdiction of the district court was never invoked to hear and determine an election contest." The time to institute an election contest is not before return day of election and not later than thirty days after return day. Orth v. Benavides, Tex.Civ. App., 125 S.W.2d 1081, 1083. We are of the opinion that service by the contestants in this case of notice prior to the canvass of the returns and declaration of the result by the Commissioners Court did not meet the requirements of the law and the District Court acquired no jurisdiction of this election contest. Gates v. Hays, supra.

▇ The Commission of Appeals held in Winder v. King, County Judge, et al., 1 S.W.2d 587, that the right of the people to call and hold elections, canvass returns, declare results and take all steps pertaining to elections is a political power resting in the people and is outside the scope of judicial interference, even though the election is void. Courts have no jurisdiction of an election contest until the election is completed, that is, until the votes are canvassed and results declared. Leslie v. Griffin, Tex. Com.App., 25 S.W.2d 820.

Appellant takes the position that appellees waived their exceptions and plea to the jurisdiction of the court. When the case was called for trial the following proceedings took place:

Judge Russell: "Your Honor, the Contestees have some exceptions and plea in abatement which I don't know whether they want to present at this time or not. If they do, I am ready to answer them."

Mr. Creighton: "Without waiving those exceptions and plea to the jurisdiction of the Court in the matter—I think possibly, in the interest of time, we could just go ahead with the case and the Court can decide those along with the whole of the case. I think that would be a better plan and would save time."

Judge Russell: "The only question that would be—I don't think there's anything to it, but we would be entitled to amend if there is anything to his exceptions, and if the Court thinks there is, we would ask to amend when he passes on it. That is the only difference. We don't want to waive our right to amend. With that understanding we can go ahead."

▮ The record shows appellees did not waive their exceptions and plea to the jurisdiction of the court but specifically stated that they were willing to proceed with the trial "without waiving" their exceptions and plea to the jurisdiction. Counsel for appellants stated to the court that he did not think there was anything to the plea, but in the event the court sustained the exceptions, he desired to amend. The trial court agreed with appellants' counsel and overruled appellees' exceptions and plea to the jurisdiction. The District Court acquired no jurisdiction of this case for the reason that notice of intention to contest the election was not filed within the "thirty days after the return day of election," as required by Art. 3042.

▮ An election contest is not a civil suit. It is a special proceeding in which the statutory requirements must be complied with, else the District Court acquires no jurisdiction to determine the issues. The statutory requirement, Art. 3042, that the contestant "shall within thirty days *after* the return day" give notice in writing cannot be waived. Landrum v. Centennial Rural High School Dist. No. 2, Tex.Civ. App., 134 S.W.2d 353; Adamson, Judge, et al. v. Connally, Tex.Civ.App., 112 S.W.2d 287; Bahn v. Savage, Tex.Civ.App., 120 S.W.2d 644; Lowe et al. v. City of Del Rio, 132 Tex. 111, 122 S.W.2d 191, writ ref. and Norton v. Alexander, 28 Tex.Civ. App., 466, 67 S.W. 787, writ ref. The court could not acquire jurisdiction of this election contest until after the votes were canvassed and the results declared. Leslie v. Griffin, supra. We conclude, therefore, that the record shows appellees did not intend to waive their exceptions and plea to the jurisdiction, and further, that giving the statutory notice after declaration of the results is a prerequisite of jurisdiction to try the contest and cannot be waived. The trial court was without jurisdiction and, of course, this court, therefore, cannot acquire jurisdiction by appeal.

The appeal is dismissed.