## YOAKUM COUNTY GAS CO. v. DUDLEY et al.

### No. 6038.

Court of Civil Appeals of Texas. Amarillo.

April 10, 1950.

Rehearing Denied May 8, 1950.

Allison & Allison, Levelland, for appellant.

Elmer V. East, Lubbock, James A. Ellis, Plains, for appellees.

LUMPKIN, Justice.

This is a statutory election contest. On July 16, 1949, an election, duly ordered, was held in the City of Sundown, Hockley County, Texas, to determine whether the city should issue bonds for city improvements and whether ad valorem taxes should be levied to pay interest on the bonds and to redeem them at maturity. On July 18, 1949, the return day of the election, the City Commission, after canvassing the election returns, declared the bond election carried.

This suit was instituted by the contestant, Yoakum County Gas Company, against the contestees, Lester S. Dudley, James A. Williams and George Denton, mayor and city commissioners of the City of Sundown. The contestant alleged that the canvass of the election was irregular. In their first exception the contestees alleged that the contestant had failed to comply with Article 3044, Vernon's Annotated Civil Statutes, and therefore the trial court was without jurisdiction to hear the contest. The trial court sustained the contestees' exception. The contestant excepted to the ruling of the court, perfected its appeal and the case is now before this court for disposition.

This suit is not in the nature of a civil suit, cause or proceeding and, therefore, the general rules which prevail in civil suits are not applicable. The legislature has authorized the mode, manner and grounds on which elections may be contested. McCall v. Lewis, Tex.Civ.App., 263 S.W. 325. Article 3042 provides, as a prerequisite to an election contest, that the contestant must within thirty days after the return day of the election give notice in

998

writing to the contestee of his intention to contest the election and must give to the contestee a written statement outlining the grounds upon which the contestant predicates the contest. Article 3043 provides that the contestee, within ten days after receiving the notice and statement, shall deliver a reply in writing to the contestant. Article 3044 reads in part: "The notice, statement and reply required by the two preceding articles may and shall be served by any person competent to testify, and shall be served by delivering the same to the party for whom they are intended in person * * *".

On August 10, 1949, according to the findings of the trial court, the contestees and E. A. Edward, city clerk, each received by registered mail a letter which contained notice of the contestant's intention to contest the election together with a statement setting forth the grounds for the contest. No other service of the notice required by Article 3042 was received by the contestees until September 14, 1949, when the citation issued in this cause was served upon the mayor, commissioners and clerk of the City of Sundown. The notice of intention to contest the election and the statement of the grounds of the contest were received by the contestees within thirty days after the return date of the bond election, but the service of the citation in this suit by the proper official in person was fifty-eight days after the return date of the election.

The contestant agrees, in effect, that the notice of intention and the statement outlining the grounds of the contest must be served within thirty days after the return day of the election; that the statutes in this respect are mandatory and cannot be waived; that unless such notice and statement are served within the prescribed time, the trial court has no jurisdiction to investigate the validity or effect of the election or to entertain the contest. The contestant, however, contends that a serving of the notice and statement of grounds by registered mail are sufficient compliance with the statutes and that the trial court erred in holding otherwise.

The case of Bahn v. Savage, 120 S.W.2d 644, 646, by the San Antonio Court of Civil Appeals, is similar in many respects to the case before us. In the Bahn case all the contestees, with three exceptions, were served by registered mail with copies of the required notice and statement. In ruling upon the sufficiency of the service, the San Antonio court said: "We have reached the conclusion that the service by mail did not satisfy the plain and unequivocal provisions of the statute. The matter seriously affects the public interest, requiring strict compliance with the prescribed procedure, which is purely statutory, and the courts are not authorized to lightly break down the barriers plainly erected by the legislature against nullification of the will of the people when voiced at the poles."

The legislature evidently considered the service of the notice and statement of such importance that it specifically provided an exclusive method which is definite and certain. In the case at bar the record discloses an insufficient service upon the contestees within the thirty days prescribed by law. 16 Tex.Jur. pp. 151, 153; Rister v. Plowman, Tex.Civ.App., 98 S.W.2d 264; Adamson v. Connally, Tex.Civ.App., 112 S.W.2d 287; Landrum v. Centennial Rural High School Dist. No. 2, Tex.Civ. App., 134 S.W.2d 353.

The contestant argues that the postman who delivered the registered letter containing the requisite notice and statement would be, within the meaning of Article 3044, competent to testify to the service had upon the contestees. The contestant did not plead such service. According to the record before us and the finding of the trial court, there was no personal service had upon the contestees even by a postal employee within thirty days after the return day of the election.

The trial court correctly dismissed this cause for want of jurisdiction. The contestant's point of error is overruled, and we affirm the judgment of the court below.