**Lee HODGES, Appellant,**

v.

**D. Brooks COFER, Jr., District Attorney, et al., Appellees.**

**No. 15548.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Jan. 8, 1970.

Rehearing Denied Feb. 5, 1970.

King & Norris, Robert W. Norris, Austin, for appellant.

Lawrence, Thornton & Payne, Billy Payne, Bryan, for appellees.

COLEMAN, Justice.

This is a statutory election contest directed at an election held by the Brazos County Water Control and Improvement District No. 1, Big Creek, Brazos County, Texas. The trial court confirmed the results of the election as declared by directors of the District after convassing the election returns. We affirm the judgment.

Appellant contends that the trial court erred in refusing to hold that a sufficient number of qualified voters presented themselves at the polls and were denied the right to vote to change the result of the election. Such a holding would be required if those who presented themselves at the polls and were refused the right to vote were qualified to vote in the election.

The District was created in the fall of 1957. The original boundary of the District encompassed some 26,000 acres of land situated in the southern part of Brazos County, Texas, near Big Creek and Big Creek Slough. It included both the relatively flat bottom land, which was subject to severe flooding periodically, and a substantial area of hill land. In 1960 the voters of the District approved a $30,000.00 Construction Bond Issue. Four one thousand dollar bonds were sold. These bonds were retired by payment on or before June 1, 1965. The legislature passed a Special Act in 1965, applying only to this District, authorizing the District to initiate projects either beneficial to the District as a whole or to any part of the District, providing that only the property benefited should be subject to taxation to pay for the project. It required that the property "within the area to be benefited" should be determined and a plat thereof filed, prior to a bond election for the project, and that at such an election only those persons who are "qualified property taxpaying electors re-

siding in the area to be benefited by the project" are eligible to vote.

Hearings were held and on September 8, 1967, an order was entered excluding from the District large segments of the hill land. Within the smaller District encompassing only land found to be directly benefited by the proposed flood control program, an election was held in September, 1968, for the purpose of authorizing $100,000.00 in construction bonds. Only those property taxpaying residents of the redefined District were permitted to vote at the election, which resulted in favor of the issuance of the bonds. A relatively large number of persons who resided within the boundaries of the original District, but outside of the redefined District, were refused the right to vote.

Appellant, Lee Hodges, is a qualified voter living within the redefined District, and he voted at the election. It is his contention that the Special Act is unconstitutional because notice of intention to introduce the bill was not served on the Governor of Texas within the time required by the Constitution of Texas; and that the Order of Exclusion, by which the boundaries of the District were changed, was prohibited by the applicable laws, and is void.

Article 7880–76, Vernon's Ann.Tex.Civ. St., requires that orders excluding land from the district be passed "before the District calls an election for the authorization of construction bonds."

■ The validity of the Order of Exclusion cannot be questioned in this statutory election contest, and the election contest must fail since none of those denied the right to vote lived within the boundaries of the District fixed by the Order. There is substantial authority that the jurisdiction of the district court in a statutory election contest relates only to matters happening on the date of the election and pertaining strictly to the election. Oser v. Cullen, 435

S.W.2d 896 (Tex.Civ.App.–First District, 1969, dism.); Becraft v. Wright, 118 S.W. 2d 630 (Tex.Civ.App.–San Antonio 1938, n. w. h.); Turner v. Allen, 254 S.W. 630 (Tex.Civ.App.–Beaumont 1923, error dism.).

Other courts have construed the language of the Supreme Court of Texas in Dickson v. Strickland, 114 Tex. 176, 265 S.W. 1012 (1924), to broaden the grounds for election contests somewhat. Rouw v. Harrington, 281 S.W.2d 746 (Tex.Civ.App.–San Antonio 1955, error dism.); Holden v. Phillips, 132 S.W.2d 419 (Tex.Civ.App.–Texarkana 1939, n. w. h.); Turner v. Lewie, 201 S.W.2d 86 (Tex.Civ.App.–Ft. Worth 1947, error dism.).

All courts have required that the matters of which complaint is made in the election contest relate directly to the election process. The cases cited will not allow a collateral attack on an order excluding land from the water district, nor on a legislative act pertaining to the powers of the district. Harrison v. Jay, 280 S.W.2d 636 (Tex. Civ.App.–Eastland 1953, no writ history); Brown v. Meeks, 96 S.W.2d 839 (Tex. Civ.App.–San Antonio 1936, error dism.); Clark v. Stubbs, 131 S.W.2d 663 (Tex.Civ. App.–Austin 1939, no writ history).

■ Appellees have contended that the case should be dismissed for want of jurisdiction of the trial court, and this court, over the subject matter by reason of the failure of contestant to make the election judge a contestee. Art. 9.31 of the Election Code, V.A.T.S., requires that the officer who declared the official result of the election be made a contestee since no one else named in Article 9.31 is "peculiarly concerned" with this election. Hooker v. Foster, 117 Tex. 237, 1 S.W.2d 276 (1928).

The contestant named as contestees members of the Board of Directors of the District. Proof that notice of contest and service was had on one member of such a board has been held sufficient. Derrick v. County Board of Education of

Donley County, 374 S.W.2d 259 (Tex.Civ. App.–Amarillo 1963, error dism.) ; Funderburk v. Schulz, 293 S.W.2d 803 (Tex.Civ. App.–Galv. 1956, no writ history).

Appellees say that Article 7880–29, R.C.S., requires that such notice and service be made on the election judge because he is designated therein as the person to declare the result of the election, there being only one voting box in the District. This article authorizes the officers of the election, at the time of making and sealing the election returns, to give to newspapers, or others calling for same, the result of such election "in their voting box." It directs such officers to make the returns in triplicate, one copy to be retained by the presiding judge, one to be delivered to the president of the district, and one to be delivered to the secretary of the district. The article then provides that the directors of the district shall meet within a specified time and canvass the returns of the election. The duty of declaring the official results of an election is ordinarily placed on the body canvassing the returns from the various boxes. See Art. 2806, V.A.T.S. The failure to specifically authorize the directors to declare the official results of the election is remedied by Article 8.29a, Election Code, Vol. 9, V.A.T.S. The suit properly named members of the Board of Directors of the District contestees.

Appellees also contend that appellant must show a justiciable interest additional to the interest of the general public. Article 9.30 of the Texas Election Code provides that a resident of a governmental subdivision may contest elections other than for the election of an officer. The Supreme Court has construed this Article to authorize such a suit by a resident voter without proof of an additional justiciable interest. DeShazo v. Webb, 131 Tex. 108, 113 S.W.2d 519 (1938).

Judgment affirmed.