**Fred BELL, Appellant,**

v.

**Adlene HARRISON, Appellee.**

**No. 19159.**

Court of Civil Appeals of Texas, Dallas.

April 7, 1977.

Michael M. Daniel, Dallas Legal Services Foundations, Inc., Dallas, for appellant.

Joseph G. Werner, Asst. City Atty., Dallas, for appellee.

GUITTARD, Chief Justice.

This appeal is from the dismissal by the district court of a statutory contest of an election concerning amendments to the charter of the City of Dallas. The dismissal was on the ground that notice was not personally served on the mayor as required by Tex. Election Code Ann. art. 9.05 (Vernon 1967). We affirm.

Insofar as here pertinent, articles 9.30 and 9.31 of the election code provide, in effect, that in a contest of a city election, other than for a city office, the mayor of the city shall be made the contestee and shall be served with a notice of the contest and a statement of the grounds. Article 9.03 requires that the notice and statement of grounds shall be delivered to the contestee within thirty days after the return day of the election. Article 9.05 provides for the manner of service, as follows:

The notice, statement and reply required by the two preceding articles may and shall be served by any person competent to testify, and shall be served by delivering the same to the party for whom they are intended in person, *if he can be found in the county, if not found,* then upon the agent or attorney of such person, or by leaving the same with some person over the age of sixteen (16) years at the usual place of abode or business of such person [emphasis added].

Since election contests are matters of public interest and the procedure is entirely statutory, service in the manner prescribed by the statute has been held to be jurisdictional and not subject to waiver. *Landrum v. Centennial Rural High School District,* 134 S.W.2d 353, 354 (Tex.Civ.App.—Austin 1939, writ dism'd jdgmt cor.); *Bahn v. Savage,* 120 S.W.2d 644, 647 (Tex.Civ.App.—San Antonio 1938) *writ of error ref'd* 132 Tex. 113, 122 S.W.2d 191 (1938) (this point not presented on application); *Adamson v. Connally,* 112 S.W.2d 287, 289 (Tex.Civ.App.—Eastland 1937, no writ).

The election in question was held on April 3, 1976. At that time and until April 26, the acting mayor was the Honorable Adlene Harrison. Mayor Harrison appeared as a witness and testified that she was not out of the city at any time in April 1976 and was at City Hall every day except Sunday. On each Monday she presided over City Council meetings. She made no attempt to evade service by contestant, and she did not even know that he was attempting to serve papers on her.

Contestant testified that within the thirty-day period after the election he visited City Hall and attempted to find Mayor Harrison. One of the city employees said that he would try to locate her, and then reported that she was not in the building. Contestant asked for her home telephone number, but was advised that it could not be given out without her permission. Contestant then delivered the notice personally to the city secretary, Harold Shank, and made no further effort to deliver the notice to her personally.

Contestant testified further that he did not go to any City Council meeting in an attempt to serve Mayor Harrison. He had no recollection of going to City Hall on April 12, April 19, or April 26, when the City Council met, but he said, "I don't usually go to Council meetings." He acknowledged, however, "I usually go for special situations, Council meetings, or to City Hall."

The trial court made findings of fact to the effect that contestant did not exercise reasonable diligence in attempting to serve Mayor Harrison personally and that by the exercise of reasonable diligence he could have found her in Dallas County for personal service within thirty days after the return day of the election.

On this appeal, contestant argues that article 9.05 does not require reasonable diligence and that the only prerequisite to substituted service is the statutory phrase, "if not found." Contestant insists that substituted service on the city secretary was authorized by the statute by virtue of the fact that he made one trip to City Hall in an effort to find Mayor Harrison and did not find her. Contestant argues that the substituted service was as good as personal

service, since Mayor Harrison had no personal interest in the litigation, but was named as contestee in her official capacity, and she evidently received the notice from the city secretary since she filed an answer to the contest within the thirty-day period.

■ We cannot agree that the statute does not require reasonable diligence. Since personal service is preferred to substituted service, a perfunctory attempt at personal service is not sufficient. The statutory requirement of personal service on the contestee "if he can be found in the county" necessarily implies that some degree of diligence must be used to find him, and the standard must be reasonable diligence, since no other standard is prescribed. *Cf. Sgitcovich v. Sgitcovich,* 150 Tex. 398, 241 S.W.2d 142, 147 (1951) (reasonable diligence required before substituted service is authorized under Tex.R.Civ.P. 106). What is reasonable varies with the circumstances, and if some diligence is shown, as by contestant's one visit to City Hall in this case, reasonableness is ordinarily a question of fact.

■ The trial court's finding that contestant did not use reasonable diligence is not challenged by contestant, but we review this finding because of the public importance of the election. We hold that this finding is controlling, since the evidence does not establish as a matter of law that contestant used reasonable diligence. Contestant's own testimony shows that he was no stranger to City Hall or to the proceedings of the City Council. It is a fair inference from his testimony that he had attended meetings of the council in the past. He apparently knew when the City Council held its weekly meetings and knew that Mayor Harrison would probably preside. Her testimony establishes that she was present at all the meetings within the thirty-day period and was frequently at City Hall on other days during that period. We hold that this evidence is sufficient to support the trial court's finding that the contestant did not use reasonable diligence to serve Mayor Harrison personally and, accordingly, that substituted service was not authorized. Consequently, the trial court's order dismissing the contest was proper.

Affirmed.